INTERNATIONAL ORDER, ETC., *v.* BARNES.

In Banc. Nov. 22, 1948.

(37 So. (2d) 487)

Walter Sillers, Smith & Jones, B. A. Green, and **W. W. Simmons**, for appellant.

336

**Alexander & Feduccia,** for appellee.

**Alexander, J.**

Appellee was a patient in the hospital operated by appellant. While under the influence of an anesthetic, his arm was badly burned by hot water bottles placed about him by the nurses in charge. Suit was brought against the hospital for its negligence in this respect under the doctrine of respondeat superior. After preliminary examination had disclosed that the hospital was properly to be classified as charitable, the declaration was sought to be amended so as to count upon the negligence of the defendant in its selection of incompetent nurses, resulting in the injury complained of. The allowance of this amend-

ment is assigned for error by the appellant, against whom judgment was subsequently obtained. ▮▮▮ We do not find any merit in the contention that the original declaration should have been manually amended by interlineation or otherwise. The plaintiff filed his motion for such amendment setting out its exact terms, and these were incorporated into an order which quoted the text of the motion and which was filed in the cause and entered upon the minutes of the court. This was sufficient under Gill v. L. N. Dantzler Lumber Co., 153 Miss. 559, 121 So. 153. See also Code 1942, Section 1306; 41 Am. Juris., Pleading, Section 288. The case thereafter proceeded upon the issue of negligence of the hospital in the selection of its nurses.

The errors assigned include (1) the overruling of defendant's motion to quash process against it, (2) refusal of a peremptory instruction in its favor, (3) the admitting of evidence on behalf of the plaintiff relating to the method of employing its nurses, (4) the giving and refusing of said instructions, the details will be later referred to, (5) admitting in evidence the hospital chart covering plaintiff's case.

In view of our conclusion that the cause should be remanded, the first assignment now becomes moot. In regard to the second assignment, we are of the opinion that there was no error in refusing a peremptory instruction on behalf of the defendant. We find no error in the admission of evidence as to the method of employing nurses in the hospital. While the negligence vel non of the hospital must be tested with reference to the alleged negligence of the particular nurses, or nurses responsible for preparing and supplying the hot water bottles, ▮▮▮ the custom and routine of the hospital in employing as nurses those without prior training and without examination in regard to their capacity, its failure to maintain a training school for its nurses, and its custom to ignore the absence of general and special educational qualifications, albeit under the asserted pressure of a

demand which it was difficult to supply, were relevant circumstances to show a knowledge by the hospital of foreseeable risks which it incurred in its policy to enlarge its nursing staff without due regard to the special qualifications required.

In this connection we refer to the assignment covering the admission of the hospital chart. This assignment could be dismissed in view of the failure of the record to disclose its admission. It is true that it was quoted from in the examination of witnesses, and we refer to this assignment in view of the possibility that upon a retrial its admission may again be sought, whereupon its relevancy must be confined to such intrinsic evidence as may be available therein showing the incompetency of the particular nurse whose neglect caused injury to the plaintiff. See Metropolitan Life Ins. Co. v. McSwain, 149 Miss. 455, 115 So. 555.

Instruction No. 1 for the plaintiff is as follows:

"The court instructs the Jury for the Plaintiff that if you believe from a preponderance of the evidence in this case that the defendant Hospital, through its officers or Board charged with the duty of employing Nurses and maids and other employees did not use due care and caution in the selection of its nurses and attendants or maids, and as a result thereof did not employ nurses and maids in sufficient numbers or of sufficient experience and training to properly operate the said Hospital, and if you further believe that the Plaintiff, Booker T. Barnes, entered said Hospital as a pay patient and was operated on for appendicitis and kept in said hospital for treatment after said operation and until he recovered therefrom sufficiently to return to his home, then the Plaintiff had the right to expect of the defendant and its nurses and maids, or of those charged with the duty of waiting on, caring for and nursing patients, including Plaintiff, the exercise of ordinary skill, care and caution in treating and nursing and caring for him, such as his case required, and such

degree of ordinary care and caution and diligence should be in proportion to the physical or mental condition of the Plaintiff at the time; and if you further believe from a preponderance of the evidence that the said Plaintiff had not regained consciousness after his operation, and the said Defendant through its said servants and employees negligently placed a hot water bottle or bottles next to Plaintiff's right arm, or that they negligently allowed said bottle or bottles to come in contact with his right arm and there remain for a time, and that as a proximate result thereof Plaintiff was burned on his right arm as described in the Declaration, as amended, then your verdict should be for the Plaintiff for such damages as you think be fairly sustained, and in the event your verdict is for the Plaintiff the form of your verdict should be:

" 'We, the Jury, find for the plaintiff in the sum of $—,' filling in the blank space the sum evidencing the damage you consider from the evidence that he sustained from said injury.''

██ As stated above, the record sustains the conclusion that the defendant was a charitable organization and the court so instructed the jury. The hospital therefore was liable only for its negligence in the selection of its nurses. Eastman, Gardiner Co. v. Permenter, 111 Miss. 813, 72 So. 234; James v. Yazoo & M. V. R. Co., 153 Miss. 776, 121 So. 819; Mississippi Baptist Hospital, v. Moore, 156 Miss. 676, 126 So. 465, 67 A. L. R. 1116. Reverting to the quoted instruction, it will be seen that undue emphasis is placed upon the failure of the defendant to employ nurses in sufficient numbers. Such failure is not counted upon either in the declaration or its amendment.

██ The instruction emphasizes almost to the exclusion of any other theory that the issue involved is the negligence of defendant's nurses. Under our decisions, a charity hospital would not be liable for the negligence of its nurses if it had exercised reasonable care in the selection and employment of such nurses. Therefore,

while it is necessary to show that the patient suffered injuries as a result of the negligence of the nurses, ▮▮ liability in this case is, as stated above, not referable to the doctrine of respondeat superior, but is the result of its direct original negligence in the employment of the offending nurses.

It is of interest to note that the plaintiff procured another instruction which authorized the assessment of damages against the defendant for any injuries which "proximately resulted from the negligence, if any, from the defendant." Such instruction of course adds nothing to the clarity of the former instruction, but on the contrary adds to its confusion.

The instructions for the defendant were based upon the proper theory of liability. However, the inconsistency between instructions for the plaintiff and the defendant forestalls the possibility of any curative effect from the defendant's instructions.

The testimony as a whole raised an issue for the jury as to whether the hospital exercised reasonable care in the selection of the particular nurses whose ministrations resulted in injury to the plaintiff. But we must reverse and remand the case for trial solely upon the issue of the negligence vel non of the hospital in the selection of the particular nurses referred to, together with the issue as to whether or not the injuries proximately resulted from the negligence of a nurse of whose incompetence the hospital knew or should reasonably have known.

Reversed and remanded.