# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-CA-00829-SCT

*ARMIN J. MOELLER, JR. AND FUSELIER, OTT & McKEE, P. A., LOUIS FUSELIER, EMILE C. OTT AND CURTISS McKEE, INDIVIDUALLY*

*v.*

*AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY*

## CONSOLIDATED WITH

## NO. 2000-CA-01678-SCT

*FUSELIER, OTT & McKEE, P. A.; LOUIS FUSELIER, EMILE C. OTT, AND M. CURTISS McKEE, INDIVIDUALLY*

*v.*

*AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY*


| | |
|---|---|
| DATE OF JUDGMENT: | 8/30/2000 |
| TRIAL JUDGE: | HON. R. B. REEVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | DENNIS L. HORN |
| ATTORNEYS FOR APPELLEE: | FORREST W. STRINGFELLOW |
| | WILLIAM CHARLES WILLIAMS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART- 4/04/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/25/2002 |

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. This appeal concerns whether the trial court followed the mandate of this Court on remand, whether the motions to amend to include claims for prejudgment interest were properly denied, and whether punitive damages should be awarded in this case.

## FACTS AND PROCEEDINGS BELOW

¶2. The origin of this appeal dates back to 1982 when Armin J. Moeller, Jr. ("Moeller") sued the law firm of Fuselier, Ott and McKee, P.A. and its members individually ("Fuselier") for terminating his employment. *Fuselier, Ott and McKee, P.A. v. Moeller*, 507 So.2d 63 (Miss. 1987). At trial, the chancellor rendered a judgment in favor of Moeller, which was eventually reduced by this Court on appeal. *Id.*

¶3. While *Moeller* was on appeal, American Guarantee and Liability Insurance Company ("American Guarantee"), a professional liability insurer, brought an action against its insured, Fuselier, seeking a declaratory judgment on, inter alia, its duty to pay attorney's fees and expenses. Fuselier counterclaimed seeking attorney fees and expenses along with making various assertions for damages. The chancellor determined that American Guarantee was not obligated to pay for Fuselier's defense and that it had fulfilled its contractual duty. Also during the trial, Fuselier made an ore tenus motion to amend the complaint to include a request for prejudgment interest. This motion was denied.

¶4. On appeal this Court reversed the chancellor regarding American Guarantee's duty to pay Fuselier's attorneys' fees and remanded for a determination of reasonable attorney's fees incurred in defense of Moeller's complaint. *Moeller v. American Guarantee & Liab. Ins. Co.*, 707 So.2d 1062 (Miss. 1996). In its opinion, this Court stated Fuselier's appeal focused on "the special chancellor's refusal to award attorney's fees for defending the complaint of Moeller and pre-judgment interest." *Id*. at 1068. The Court reasoned that because Fuselier was "being defended under the defamation claim with a reservation of rights, American Guarantee was obligated to let them select their own attorney at American Guarantee's cost to represent them." *Id*. at 1071. This Court concluded:

> American Guarantee, having chosen to defend all claims, was obligated to permit Fuselier, Ott, and McKee to select its own counsel for those claims outside the coverage of the policy. It follows that American Guarantee is liable for the reasonable legal expenses Fuselier, Ott and McKee incurred in the defense of the complaint, and the special chancellor's holding that American Guarantee was not liable for such expenses is reversed.

*Id.*

¶5. After remand, Fuselier filed a motion for enforcement of mandate in which they claimed they were entitled to: $95,244.26 for attorney's fees and expenses; an award of pre-judgment interest of 8% of the principal compounded monthly until June 30, 1989, totaling $51,433.24 (in accordance with § 75-17-7 Miss. Code Ann. of 1972); and an award of prejudgment interest from July 1, 1989 until the present[1] with interest due and owing calculated up to the date of judgment (in accordance with § 75-17-7 Miss. Code Ann. of 1972 (Supp. 1989)). The motion also contained a request that punitive damages be levied against American Guarantee for its refusal to pay the principal amount of the claim and a request for payment for attorney's fees and expenses in litigating the action on remand, including prejudgment interest.

¶6. American Guarantee filed its response to the motion on September 24, 1998, denying each count and asserted that Fuselier was not entitled to prejudgment interest because the amount due was unliquidated. American Guarantee also contended that Fuselier had not requested prejudgment interest until the commencement of trial in chancery court, where a motion for prejudgment interest was denied, thereby not entitling Fuselier to such an award. Alternatively, American Guarantee advanced that any amount due Fuselier were expenses that, if not paid, would not warrant the imposition of punitive damages. Finally, American Guarantee charged that the imposition of punitive damages would constitute an imposition of

excessive fines violating both the federal and state constitutions.

¶7. A hearing was conducted May 3, 1999, before a special chancellor regarding Fuselier's motion for enforcement of mandate on remand and their motion for leave to amend their counterclaim so as to include the issues of punitive damages, prejudgment interest and attorney's fees and expenses due to the alleged bad faith by American Guarantee. The special chancellor determined the only issue to be resolved was the amount that the insurance company was obligated to pay to the firm for their reasonable expenses in defending the suit, and that the other issues presented, including the motion to amend to include prejudgment interest, failed as a matter of law.

¶8. The trial on this case occurred July 24, 2000. On August 15, 2000, the special chancellor issued his letter memorandum opinion containing findings of fact and conclusions of law. The special chancellor determined that the sole issue for determination under the mandate was the issue regarding reasonable legal expenses incurred by Fuselier to be reimbursed by American Guarantee. The special chancellor concluded that American Guarantee was liable for the costs of the original claim, as well as the counterclaim because of their involvement in such, resulting in a reimbursement by American Guarantee of the full $95,244.26. In a final judgment filed September 11, 2000, the special chancellor ordered American Guarantee to pay the above sum with post judgment interest at the rate of 8% compounded until paid, along with expenses for the cost of the remand action.

¶9. Fuselier filed a motion for a new trial, amendment to judgment and relief from judgment order on September 20, 2000. That motion was denied by the special chancellor on October 5, 2000. This appeal was filed October 10, 2000.

## ANALYSIS

### I. DID THE MANDATE OF THIS COURT REVERSE AND REMAND FOR ATTORNEY'S FEES AND PREJUDGMENT INTEREST OR ONLY FOR ATTORNEY'S FEES?

¶10. In reversing the chancellor regarding American Guarantee's duty to pay Fuselier's attorneys' fees and remanding for a determination of reasonable attorney's fees incurred in defense of Moeller's complaint, this Court announced that the appeal dealt with "the special chancellor's refusal to award attorney's fees for defending the complaint of Moeller and pre-judgment interest." *Moeller*, 707 So. 2d at 1068. At the conclusion of the analysis of this issue, this Court stated: "It follows that American Guarantee is liable for the reasonable legal expenses Fuselier, Ott and McKee incurred in the defense of the complaint, and the special chancellor's holding that American Guarantee was not liable for such expenses is reversed." *Id*. at 1071. While the mandate at the end of the opinion did not specifically articulate that American Guarantee was liable for prejudgment interest, it is clear from the reference to prejudgment interest earlier in the opinion that it was included in this Court's reasoning in reversing the special chancellor's ruling.

### II. IS FUSELIER ENTITLED TO PREJUDGMENT INTEREST?

### A. PREJUDGMENT INTEREST

¶11. Fuselier claims to be entitled to an award of prejudgment interest because of this Court's decision in *Moeller v. American Guarantee and Liability Insurance*, 707 So.2d 1062, 1068 (Miss. 1996). This Court has stated the following regarding the award of prejudgment interest:

Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith. No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment. Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue. For prejudgment interest to be awarded, the party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due.

[T]o be entitled to prejudgment interest, they must meet several requirements. First, the claim for damages must be liquidated or the denial of the claim ... must have been frivolous or in bad faith. Second, the pleadings must reflect a request for prejudgment interest.

*Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 577 (Miss.1998) (citations omitted). "An award of prejudgment interest is reviewed for abuse of discretion." *Theobald v. Nosser*, 784 So.2d 142, 145 (Miss. 2001)(citing *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss. 1985)) .

### B. IF PREJUDGMENT INTEREST IS DUE, WHAT INTEREST RATE SHOULD APPLY?

¶12. American Guarantee claims that Fuselier's cause of action accrued prior to the enactment of Miss. Code Ann. § 75-17-7 (Supp. 1989) and that Fuselier is not entitled to prejudgment interest. American Guarantee contends that the cause of action giving rise to American Guarantee's duty to pay for Fuselier's independent counsel arose in 1982 when American Guarantee chose to defend Fuselier under a reservation of rights.

¶13. Fuselier agrees that legal fees began to accrue in 1982. Fuselier does not respond to this assertion by American Guarantee in its reply brief, although they do assert in their original brief that they are due an award of prejudgment interest of 8% of the principal compounded monthly until June 30, 1989, in the amount of $51,433.24 (in accordance with § 75-17-7); and an award of prejudgment interest from July 1, 1989, until the present with interest due and owing calculated up to the date of judgment (in accordance with § 75-17-7 (2000)).

¶14. At the time this action accrued in 1982 § 75-17-7 appeared as enacted by the Mississippi Legislature in 1975:

All judgments and decrees founded on any contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum.

This act shall apply only to judgments and decrees rendered on or after the effective date of this act. Judgments or decrees rendered prior to the effective date of this act shall continue to bear interest at the same rate as was applicable at the time the judgment or decree was rendered.

1975 Miss. Laws, ch. 336, § 1.

¶15. This statute was amended in 1989 to state:

> All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

Miss. Code Ann. § 75-17-7 (2000). At the time of the adoption of this amendment the Mississippi Legislature stated, "[t]he provisions of this act shall apply only to causes of action accruing on or after July 1, 1989." 1989 Miss. Laws, ch. 311, § 7.

¶16. Because this action accrued in 1982, any prejudgment interest awarded would be at an interest rate of "eight percentum (8%) per annum" as was set out in § 75-17-7 and § 75-17-1(1) at the time this action arose.

### C. ARE THE AMOUNTS THAT FUSELIER CLAIMS ARE DUE LIQUIDATED OR UNLIQUIDATED?

¶17. Fuselier, in their motion for enforcement of mandate filed September 15, 1998, claimed that they were entitled to $95,244.26 for attorney's fees and expenses and prejudgment interest. American Guarantee, in its response filed September 24, 1998, denied each count and asserted that Fuselier was not entitled to prejudgment interest because the amount due was unliquidated. A special chancellor concluded that American Guarantee was liable for the costs of the original claim and the counterclaim resulting in a reimbursement by American Guarantee of the full $95,244.26. The special chancellor also ordered American Guarantee to pay post-judgment interest at a rate of 8%, compounded until paid, as well as the cost of the remand action. What remains to be determined is if the remaining fees and expenses Fuselier claims they are due are amounts that have been liquidated, and thereby eligible for prejudgment interest, or if it was even necessary for these amounts to be liquidated for recovery to occur since "liquidation" may have occurred when this Court rendered its decision in the previous case.

¶18. Damages being "liquidated" refers to damages that are set or determined by a contract when a breach occurs. Black's Law Dictionary 395 (7th ed. 1999). "Unliquidated" damages are "[d]amages that have been established by a verdict or award but cannot be determined by a fixed formula, so they are left to the discretion of the judge or jury." *Id.* at 397.

¶19. Fuselier claims that the attorney's fees and expenses damages were liquidated. Fuselier relies on a stipulation made by American Guarantee's attorney where it was agreed that the attorney's fees paid to Charles Brocato and the C.P.A. firm were fair, reasonable and necessary, and the only issue presented was as to what percentage of the legal fees should be attributed to American Guarantee's required defense and what amount was used for the counterclaims filed by the law firm. This distinction proved unnecessary as Brocato testified that the allegations of the counterclaims "were directed toward the welfare of both the firm and insurance company" and that any recovery ". . . could have reduced what American Guarantee had to pay." Fuselier contends that since Brocato's fee was stipulated as being reasonable then whatever amount the court recognized that the law firm paid would be deemed as liquidated prior to judgment. Fuselier also asserts that the amounts paid to Haddox, Reed, Burkes and Calhoun PLLC, Certified Public Accountants, were also stipulated as being fair and reasonable and were thereby liquidated amounts as well. Additionally, Fuselier argues that American Guarantee's refusal to pay the legal expenses on remand of this action

constitutes "bad faith," which, if true, would independently justify an award of prejudgment interest.

¶20. American Guarantee asserts that Brocato's fees generated in relation to Fuselier's defense and counterclaim were unliquidated until final judgment was entered following remand of *Moeller* and restates its contention that this Court's mandate dealt only with the payment of attorney's fees and not prejudgment interest.

¶21. This Court has stated "[a]s to whether a claim is liquidated, interest has been denied where 'there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefor.'" *Simpson v. State Farm Fire & Cas. Co.*, 564 So.2d 1374, 1380 (Miss. 1990) (quoting *Grace v. Lititz Mut. Ins. Co.*, 257 So.2d 217, 225 (Miss. 1972)). In the present case, prior litigation established that there was no bona fide dispute as to American Guarantee's responsibility to pay the attorney's fees incurred by Fuselier.

¶22. The mandate of this Court in the prior litigation falls under the law of the case doctrine. This doctrine has been explained as follows:

> The doctrine of the law of the case is similar to that of former adjudication, relates entirely to questions of law, and is confined in its operation to subsequent proceedings in the case. Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure.

*Simpson*, 564 So. 2d at 1376 (citing *Mississippi College v. May*, 241 Miss. 359, 366, 128 So.2d 557, 558 (1961)). This doctrine dictates that a mandate issued by this Court "is binding on the trial court on remand, unless the case comes under one of the exceptions to the law of the case doctrine." *Simpson*, 564 So. 2d at 1377. Exceptions such as "material changes in evidence, pleadings or findings" as outlined in *Continental Turpentine & Rosin Co. v. Gulf Naval Stores Co.*, 244 Miss. 465, 480, 142 So. 2d 200, 207 (1962), or the need for the Court to "depart from its former decision" "after mature consideration" so that "unjust results" will not occur as described in *Brewer v. Browning*, 115 Miss. 358, 364, 76 So. 267, 269 (1917), do not exist in the present case.

¶23. The law of the case doctrine dictates that the attorney's fees were a liquidated amount eligible to be considered in making a prejudgment interest calculation.

### III. DID THE TRIAL COURT ERR IN DENYING FUSELIER'S MOTION TO AMEND THE COMPLAINT?

¶24. Fuselier twice attempted to amend their complaint to include a request for prejudgment interest, once during the trial, when they made an ore tenus motion to amend to include prejudgment interest and once during the motion to enforce the mandate. Each of these motions were denied by the special chancellor with little or no explanation.

¶25. Fuselier contends that they should have been granted leave to amend their complaint to seek prejudgment interest. American Guarantee counters, asserting that the issue of whether Fuselier should have been allowed to amend their original complaint is not supported by the mandate of this Court in *Moeller* and reiterates its stance that this Court's mandate dealt with the single issue of attorney's fees and nothing

more.

¶26. This Court has outlined the standard of review for motions for leave to amend a complaint:

> Motions for leave to amend complaint are left to the sound discretion of trial court; the Supreme Court reviews such determinations under an abuse of discretion standard; and, unless convinced that trial judge abused discretion, the Supreme Court is without authority to reverse. ***Church v. Massey***, 697 So.2d 407, 413 (Miss.1997). Grant or denial of motion for leave to amend is within sound discretion of trial court. ***MBF Corp. v. Century Bus. Communications, Inc.***, 663 So.2d 595, 600 (Miss.1995); ***Frank v. Dore***, 635 So.2d 1369, 1375 (Miss.1994). Amendments to the pleadings are properly addressed to the discretion of the lower court. ***Red Enters., Inc. v. Peashooter, Inc.***, 455 So.2d 793, 796 (Miss.1984); ***McDonald v. Holmes***, 595 So.2d 434, 436 (Miss.1992). Where the plaintiff filed his motion for amendment of declaration setting out its exact terms, and such terms were incorporated into an order which quoted text of motion and which was filed in cause and entered upon minutes of court, amendment was sufficient, as against defendant's contention that original declaration should have been manually amended by interlineation or otherwise. ***International Order v. Barnes***, 204 Miss. 333, 341, 37 So.2d 487 (1948), overruled on other grounds by ***Mississippi Baptist Hosp. v. Holmes***, 214 Miss. 906, 55 So.2d 142 (1951). While the trial court has discretion to allow an amendment and should do so freely under the proper circumstances, an amendment should not occur when to do so would prejudice defendant. ***Hester v. Bandy***, 627 So.2d 833, 839 (Miss.1993).

***Preferred Risk Mut. Ins. Co. v. Johnson***, 730 So.2d at 579.

¶27. Rule 15(a) of the Mississippi Rules of Civil Procedure governs leave to amend. It states:

> A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. **Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

M.R.C.P. 15(a) (emphasis added).

¶28. This Court has commented on the language "leave shall be freely given when justice so requires" found in M.R.C.P. 15(a):

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded ... if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

*Estes v. Starnes*, 732 So.2d 251, 252 (Miss. 1999)(quoting *Frank*, 635 So.2d at 1375, and *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

¶29. The Comment to Rule 15 states that "amended pleadings have been liberally permitted throughout Mississippi legal history."M.R.C.P. 15 Comment. "In practice, an amendment should be denied only if the amendment would cause actual prejudice to the opposite party." Id. This Court has previously relied upon this Comment in making determinations of whether amendment should have been allowed. See *Beverly v. Powers*, 666 So.2d 806, 809 (Miss. 1995); *Rector v. Mississippi State Highway Comm'n*, 623 So.2d 975, 978 (Miss. 1993).

¶30. In the present case it is difficult to ascertain the actual prejudice that American Guarantee would have suffered had Fuselier been allowed to amend their complaint to include a request for prejudgment interest. Neither special chancellor participating in this case presented any insightful reason as to why the motions to amend were denied. This lack of explanation or showing of actual prejudice to American Guarantee, combined with M.R.C.P. 15(a) and the case law relying upon Rule 15(a)'s language stating that leave to amend "shall be freely given when justice so requires," leaves this Court with little choice but to find an abuse of discretion on the part of both special chancellors. The motion to amend should have been granted.

## IV. IS FUSELIER ENTITLED TO PUNITIVE DAMAGES, PREJUDGMENT INTEREST AND ATTORNEY'S FEES PAID IN LITIGATING THE INSTANT APPEAL?

¶31. Fuselier contends that American Guarantee should have to pay punitive damages, attorney's fees, prejudgment interest and litigation expenses up through the present appeal because of its bad faith refusal to pay and failure "to undertake a prompt investigation of the insured's payment of fees in this case." Fuselier cites *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss. 1992); *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574 (Miss.1998) and *State Farm Mut. Auto. Ins. Co. v. Grimes*, 722 So.2d 637 (Miss. 1998), as cases where punitive damages were allowed for an insurance company's refusal to pay expenses after they had been ordered to on remand, and where the refusal to pay was unsupported.

¶32. While Fuselier has cited cases, they have failed to provide any meaningful analysis to support their assertion that they are due punitive damages, prejudgment interest and attorney's fees for the cost of remand. *Veasley* and *Grimes* are both cases where the insurance company initially failed to pay insurance claims and have little resemblance to the present action. While *Preferred Risk Mut. Ins. Co. v. Johnson* is a case that is pertinent to the present case, it sheds no light on this particular issue. None of the cases presented by Fuselier has any relevance or applicability to the issue of whether punitive damages, prejudgment interest or attorney's fees should be awarded in connection to this action on appeal.

¶33. This issue is without merit.

## CONCLUSION

¶34. Based on the forgoing analysis, this Court finds the following: The mandate of this Court in *Moeller v. American Guarantee & Liab. Ins. Co.*, 707 So.2d 1062 (Miss. 1996), was that American Guarantee was liable to Fuselier for legal expenses, including attorneys fees *and* prejudgment interest. The

prejudgment interest due in this case should be paid at a rate of "eight percentum (8%) per annum" as was set out in Miss. Code Ann. § 75-17-7 and Miss. Code Ann. § 75-17-1(1) at the time this action arose in 1982. The law of the case doctrine dictates that the attorney's fees due Fuselier were a liquidated amount eligible to be considered in making a prejudgment interest calculation. It was an abuse of discretion for the special chancellors that participated in this case to deny Fuselier's motion to amend their complaint to include prejudgment interest. Finally, Fuselier is not entitled to punitive damages, prejudgment interest or attorney's fees associated with this action on appeal.

¶35. Therefore, the judgment below is reversed to the extent that it denied Fuselier an award of prejudgment interest on their cost of defense judgment against American Guarantee, and this case is remanded to the trial court to calculate and award prejudgment interest at the annual rate of eight percentum (8%). In all other respects, the judgment below is affirmed.

¶36. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

> **WALLER, COBB, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. SMITH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND EASLEY, JJ.**

> **McRAE, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶37. I agree with the majority that prejudgment interest and attorney's fees should be assessed in this case. However, especially since the majority holds that Fuselier's motions to amend the complaint should have been granted, this case should be remanded to the trail court and allow the amendment so that it may hold a hearing concerning additional damages and possibly punitive damages in line with ***Valley Forge Ins. Co. v. Strickland***, 620 So.2d 535 (Miss. 1993). For these reasons, I concur in part and dissent in part.

¶38. When an insured has incurred considerable expenses to enforce what this Court has mandated, the insured should be allowed, under ***Valley Forge,*** to seek additional damages to make it whole. In ***Valley Forge*** we affirmed an award of attorney's fees and expenses, interest and punitive damages to the insured based in part on the insurer's "gross negligence in filing and maintaining a groundless lawsuit, to the detriment of the [insured]." ***Id.*** at 540. Fuselier has endured a protracted and arduous legal journey, namely 20 years of trials and appeals which American Guarantee caused, and has incurred numerous additional expenses to enforce what this Court mandated American Guarantee to do in 1996. American Guarantee's violation of this Court's mandate permits the trial court to consider additional damages, prejudgment interest incurred and possibly punitive damages for the enforcement of the mandate.

¶39. While I agree that this case should be remanded to the trial court, I disagree with the limited scope of the remand ordered by the majority. As the majority stated, the trial court should have allowed Fuselier to amend the complaint. The trial court should now be required to hear testimony on the additional expenses incurred and interest due as well as possibly punitive damages.

¶40. Accordingly, I concur in part and dissent in part.

> **SMITH, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶41. The Litigation Accountability Act of 1988, Miss. Code Ann. §§ 11-55-1 to -15 (Supp. 2001) provides that the court upon its own motion or the motion of a party may award attorney's fees and costs against a party if it

> finds that an attorney or party brought an action, or asserted any claim or defense, that is **without substantial justification**, or that the action, or any claim or defense asserted, was **interposed for delay or harassment**, or if it finds that an attorney or party **unnecessarily expanded the proceedings by other improper conduct** including, but not limited to, abuse of discovery procedures available under the Mississippi Rules of Civil Procedure.

*Id*. § 11-55-5 (1)(emphasis added). "'Without substantial justification', when used with reference to any action, claim, defense or appeal, including without limitation any motion, means that it is frivolous, groundless in fact or in law, or vexatious, as determined by the court." *Id.* § 11-55-3 (a). A case will generally not be labeled frivolous due merely to a finding that it is 'weak' or 'light-headed.' ***Mississippi Dep't of Human Servs. v. Shelby***, 802 So.2d 89, 97 (Miss. 2001). In the present case, however, it is my view that American Guarantee acted to delay the proceedings, particularly if its course of conduct is taken into account. While this Court's mandate did not expressly state that prejudgment interest was to be imposed, this Court clearly holds that it was and that such a decision was set forth in the earlier opinion. While ***American Guarantee***'s conduct does not rise to the level of permitting punitive damages, its actions appear to fall under the Litigation Accountability Act. This Court has previously found that "[i]n cases involving insurance contracts, we have found that extra-contractual damages such as attorney fees may be warranted even where the facts are not such to support a punitive damages claim." ***Garner v. Hickman***, 733 So. 2d 191, 198 (Miss. 1999) (citing ***Universal Life Ins. Co. v. Veasley***, 610 So. 2d 290, 295 (Miss. 1992)). ***Hickman***, however, did not involve an insurance contract, but rather dealt with a construction contract. In the present case, there is no contract at all, however, our prior cases stand for the proposition that the Litigation Accountability Act may apply across the board even when punitive damages are not available.

¶42. The Litigation Accountability Act provides a list of factors that a court should consider, among others, when determining whether costs and attorney's fees should be awarded. These factors are:

> (a) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;

> (b) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;

> (c) The availability of facts to assist in determining the validity of an action, claim or defense;

> (d) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

> (e) Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

> (f) The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;

(g) The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;

(h) The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;

(i) The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;

(j) The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and

(k) The period of time available to the attorney for the party asserting any defense before such defense was interposed.

Miss. Code Ann. § 11-55-7. This Court is really not in the position to examine these factors, and thus it would be appropriate to remand for consideration of these factors. In my view American Guarantee is without substantial justification for its actions and accordingly is subject to attorney's fees and costs. Thus, while I concur with the bulk of the majority's opinion, I respectfully dissent in part as I would remand the issue of attorney's fees and costs for consideration under the Litigation Accountability Act.

**DIAZ AND EASLEY, JJ., JOIN THIS OPINION.**

1. According to Fuselier's motion for enforcement of mandate on remand this amount totaled $514,037.88 as of July 1998. In their appellant brief Fuselier contends that this amount is $958,936.32 as of July 24, 2000.