## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CA-00712-SCT

*PREFERRED RISK MUTUAL INSURANCE*
*COMPANY, A/K/A PREFERRED RISK AUTOMOBILE*
*INSURANCE COMPANY*

*v.*

*RONALD GLEN JOHNSON AND SARA BALLARD*
*JOHNSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/97 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HERMAN M. HOLLENSED, JR. |
| ATTORNEYS FOR APPELLEES: | JIM WAIDE |
| | VICTOR I. FLEITAS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 12/10/98 |
| MOTION FOR REHEARING FILED: | 12/23/98 |
| MANDATE ISSUED: | 4/12/99 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. Ronald and Sara Johnson, Appellees, sued Preferred Risk Mutual, Appellant, to recover uninsured motorist benefits for injuries sustained in an automobile accident. The Lee County Circuit Court entered a Judgment of Dismissal Granting Summary Judgment for Preferred Risk Mutual holding that the Johnsons were not residents of their parents' households and were not covered as insureds under the policy. The Johnsons appealed the circuit court's entry of summary judgment. This Court reversed and remanded the order granting summary judgment to Preferred Risk Mutual, finding that the Johnsons were members of their respective parents' households, and therefore eligible for uninsured motorist benefits under the policies issued to their parents.

¶2. On remand, the Johnsons filed a Motion for Summary Judgment demanding the policy limits, a

combined $51,000, from Preferred Risk Mutual and prejudgment interest from the date of the accident. Preferred Risk Mutual conceded that it owed the policy limits, but denied that the Johnsons were entitled to prejudgment interest. Subsequently, the Lee County Circuit Court entered an order granting the Johnsons' request for prejudgment interest. Preferred Risk Mutual appeals from this order assigning the following as error:

**I. WHETHER THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFFS PREJUDGMENT INTEREST.**

**II. WHETHER THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFFS POST-JUDGEMENT INTEREST ON ITS AWARD OF PREJUDGMENT INTEREST.**

### STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶3. On June 10, 1988, Ronald Johnson ("Ron") and his wife Sara Ballard Johnson ("Dee") were injured in an accident in Lee County, Mississippi, with an uninsured motorist. The Johnsons' pickup truck was uninsured. At the time of the accident, Ron was temporarily staying with his parents in Columbus, Mississippi, and Dee was temporarily staying with her parents in Plantersville, Mississippi.

¶4. At the time of the accident, both sets of parents had vehicles insured by Preferred Risk Mutual Insurance Company ("Preferred"). The Charles Johnson family, Ron's family, had one policy providing UM coverage of $10,000 per person, $20,000 per accident. The Ballards, Dee's family, had two policies, each providing coverage of $10,000 per person, $20,000 per accident.

¶5. On October 20, 1989, Ron and Dee filed suit against Preferred in Lee County Circuit Court, seeking a declaratory judgment that they were covered by their parents' policies, and to obtain the UM coverage under each policy. Preferred defended on the grounds that Ron and Dee were not "residents" of their respective parents' households as required under the policy. On June 3, 1994, the Lee County Circuit Court entered a Judgment of Dismissal Granting Summary Judgment for Preferred, finding that the Johnsons were not members of their parents' households and were not covered under their policies. Ron and Dee filed an appeal with this Court.

¶6. On appeal, this Court held that Ron and Dee were members of their respective parents' households and thus were entitled to coverage under their policies. In doing so, this Court expressly overruled its prior decision in *Goens v. Arinder*, 248 Miss. 806, 161 So.2d 509 (1964). *Goens* had excluded relatives making "transient visits" from policy coverage.

¶7. On February 5, 1996, the Johnsons filed a Motion for Summary Judgment demanding the policy limits ($51,000) and prejudgment interest at an eight percent rate from the date of the original accident. Preferred conceded liability of $51,000, but denied the prejudgment interest requested. Preferred alleged that the Johnsons had failed to demand prejudgment interest in their complaint and that the claims were for unliquidated damages. Subsequently, the Johnsons filed a Motion to File a Second Amended Complaint to request prejudgment interest.[1] On April 1, 1996, the Lee County Circuit Court entered a Partial Judgment of Dismissal, noting that Preferred had satisfied its contractual obligations to the Johnsons by tendering the sum of $51,000. All of the Johnsons' claims were dismissed except for the claim of prejudgment interest.

¶8. On May 9, 1997, the circuit court entered an Order Awarding Prejudgment Interest and Final Judgment. The court awarded prejudgment interest at eight percent on the amount due the Johnsons from

the June 10, 1988 (date of the accident) to March 1, 1996 (date that the claims were paid). The amount of the prejudgment interest awarded to Ron was $18, 543.00, while Dee's prejudgment interest came to $12, 980.00. The trial judge also awarded the Johnsons additional interest on the awards of prejudgment interest, at the rate of eight percent, until the awards of prejudgment interest were paid.

¶9. The trial judge found that Ron's and Dee's damages from injuries received in the accident, which was the amount in controversy, was clearly over the policy limits. Thus, the damages were liquidated and they were entitled to the face value of the uninsured motorist benefits and medical pay. The Johnsons' Motion to File a Second Amended Complaint to include a demand for prejudgment interest was granted. The trial court found that no prejudice would result to Preferred by the granting of the motion.

¶10. Preferred asserts that it was error for the trial court to award prejudgment interest because: 1) the Johnsons failed to include a demand for prejudgment interest in their pleadings; and, 2) the amount in controversy was unliquidated. The Johnsons argue that, since the amount was clearly over the policy limits, it was a liquidated amount; and, that since the trial court granted their motion to amend in its final order, it would serve no useful purpose to the parties or the court to require the Johnsons to file an amended complaint after final judgment had been entered.

## DISCUSSION OF THE LAW

### I. WHETHER THE TRIAL COURT ERRED IN AWARDING THE PLAINTIFFS PREJUDGMENT INTEREST.

¶11. "The grant or denial of a motion for leave to amend is within the sound discretion of the trial court." *MBF Corp. v. Century Bus. Communications*, 663 So.2d 595, 600 (Miss. 1995)(*citing McDonald v. Holmes*, 595 So.2d 434, 436 (Miss. 1992); *Bourn v. Tomlinson Interest, Inc.*, 456 So.2d 747, 749 (Miss. 1984)). An award of prejudgment interest is normally left to the discretion of the trial judge. *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992); *Aetna Cas. & Sur. Co. v. Doleac Elec. Co.*, 471 So.2d 325, 331 (Miss. 1985).

¶12. Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit. *City of Mound Bayou v. Roy Collins Constr. Co.*, 499 So.2d 1354, 1361 (Miss. 1986); *Stockett v. Exxon Corp.* 312 So.2d 709, 712 (Miss. 1975). Prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or when the denial of a claim is frivolous or in bad faith. *Aetna Cas. & Sur.*, 471 So.2d at 331. No award of prejudgment interest is allowed where the principal amount has not been fixed prior to judgment. *Warwick v. Matheney*, 603 So.2d 330, 342 (Miss. 1992);*Stanton & Assoc., Inc. v. Bryant Constr. Co.*, 464 So.2d 499, 504 (Miss. 1985); *American Fire Protection, Inc. v. Lewis*, 653 So.2d 1387, 1391 (Miss. 1995). Prejudgment interest "`is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue.'" *Sunburst Bank v. Keith*, 648 So.2d 1147, 1153 (Miss. 1995)(*quoting*??? ?, 221 Mis. 848, 75 So.2d 59, 69 (1954). "For prejudgment interest to be awarded, the party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due." *Wirtz v. Switzer*, 586 So.2d 775, 785 (Miss. 1991)(*citing Simpson v. State Farm Fire & Cas. Co.*, 564 So.2d 1374, 1381 (Miss. 1990)).

¶13. In order for the Johnsons to be entitled to prejudgment interest, they must meet several requirements.

First, the claim for damages must be liquidated or the denial of the claim by Preferred must have been frivolous or in bad faith. Second, the pleadings must reflect that the Johnsons made a request for prejudgment interest.

¶14. Preferred did not act in bad faith when it denied the Johnsons' request for UM coverage under their parents' policies. Preferred denied the Johnsons' claim primarily because it concluded that the Johnsons were not "residents" of their respective parents' households. Preferred's position on this point was consistent with this Court's prior interpretation of the meaning of "resident" in the context of insurance policies. *See Goens v. Arinder*, 248 Miss. 806, 161 So.2d 509 (1964). In fact, the trial court granted Preferred's Motion for Summary Judgment based on the *Goens* definition of the term "resident." Subsequently, this Court overruled *Goens* the first time that the case *sub judice* was on appeal. *Johnson v. Preferred Risk Auto Ins. Co.*, 659 So.2d 866 (Miss. 1995). Based on the applicable law at the time Preferred denied the Johnsons' claim, this Court finds that the denial of said claim was not in bad faith.

¶15. To recover prejudgment interest, in the absence of bad faith, the Johnsons' claim for UM benefits under the policy issued by Preferred to their parents must be a liquidated claim. Prejudgment interest has been denied where "`there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefore.'" *Simpson*, 564 So.2d at 1380 (*quoting Grace v. Lititz Mut. Ins. Co.*, 257 So.2d 217, 225 (Miss. 1972)). Prejudgment interest is not awarded where the principal amount has not been fixed prior to judgment. *Warwick*, 603 So.2d at 342. Prejudgment interest may be allowed where the amount of loss is in dispute. *Commercial Union Ins. Co. v. Byrne*, 248 So.2d 777, 783 (Miss. 1971). In *Byrne*, the Court stated:

> We are of the opinion that where as in this case there is a justifiable dispute as to the amount of the loss, the insured is not entitled to interest until the amount of the claim has been made certain or liquidated. However, we can envision cases where, in the discretion of the trial court interest should be allowed although the amount of the loss is in dispute and for this reason we do not foreclose the allowance of interest in every case where the claim is unliquidated.

*Id.* at 783.

¶16. The extent of Preferred's liability under both policies was $51,000.00 in UM coverage and medical payments. Under his parents' policy, coverage existed for Ron in the amount of $30,000.00 for UM benefits. Under her parents' policy, coverage existed for Dee in the amount of $20,000 for UM benefits. Additionally, Dee was entitled to $1,000.00 in medical payments coverage. On March 4, 1996, Preferred tendered payment of $30,000.00 to Ron and $21,000.00 to Dee for their contractual benefits.

¶17. The Johnsons argue that since Ron's and Dee's damages clearly exceeded the policy limits, a determination of coverage required payment of the policy limits. Therefore, the damages being the policy limits were liquidated. A claim has been held as liquidated where it was undisputed that the house and its contents were a total loss. *See Allstate Ins. Co. v McGory*, 697 So.2d 1171 (Miss. 1997). The Johnsons argue, by analogy, that *McGory* is applicable on the facts before this Court. The trial court found that the Johnsons' damages clearly exceeded the amount of coverage. We find that the amount of damages due the Johnsons was liquidated because their damages were clearly over the policy limits.

¶18. Preferred notes the general rule that claims for personal injuries are claims for unliquidated damages which are incapable of exact determination. *See Blair & Anderson v. Kansas City, Memphis &*

***Birmingham R.R.***, 76 Miss. 478, 24 So. 879 (1899). Preferred asserts that there was a dispute as to the amount of damages. Since the parties disputed the damages, they were unliquidated or could not be calculated. ***M.T. Reed Constr. Co. v. Nicholas Acoustics & Specialty Co.***, 379 So.2d 308, 313 (Miss. 1980), disapproved on other grounds by ***Tideway Oil Programs, Inc. v. Serio***, 431 So.2d 454 (Miss. 1983).

¶19. This Court finds that the damages suffered by Ron and Dee were liquidated because the extent of their injuries clearly exceeded the policy limits. Thus, the amount of damages could be calculated or determined, and the trial judge did not abuse his discretion in finding that the claim for damages was liquidated.

¶20. To recover prejudgment interest, the pleadings must reflect that the Johnsons made a proper demand for prejudgment interest. Preferred argues that the Johnsons failed to make a demand for prejudgment interest in their pleadings. The Johnsons claim that, despite their failure to formally plead for prejudgment interest, the pleadings were effectively amended when the trial court granted their motion to amend and found that Preferred would suffer no prejudice from the amendment.

¶21. A party must make a proper demand for the interest in the pleadings, including the date that it was allegedly due. ***Wirtz***, 586 So.2d at 785; ***Thompson Mach. Commerce Corp. v. Wallace,*** 687 So.2d 149, 152 (Miss. 1997); ***Simpson***, 564 So.2d at 1380. A general prayer for relief is insufficient to allow an award of prejudgment interest. ***West Ctr. Apartments Ltd. v. Keyes***, 371 So.2d 854, 858 (Miss. 1979); *See also* ***M.T. Reed Constr. Co.***, 379 So.2d at 313 (following ***Keyes***). Where a party freely admits that he failed to include a demand for prejudgment interest in his original complaint, it is error for a trial court to award such interest. ***Century 21 Deep S. Properties, Ltd. v. Keys***, 652 So.2d 707, 719 (Miss. 1995). Preferred asserts that the award of prejudgment interest should be reversed because the Johnsons never made a specific demand in their complaint or their amended complaint. Preferred also argues that it is unfairly prejudiced by the awarding of prejudgment interest to the Johnsons based on a motion filed six years after the original complaint was served. It is Preferred's position that settlement was reached because it believed that the extent of its liability was only $51,000.00, a figure which did not include prejudgment interest. Preferred alleges that it was entitled to rely on the policy limits as the extent of its liability because the Johnsons had not made a specific demand for prejudgment interest.

¶22. The Johnsons admit that they failed to include a demand for prejudgment interest in either their original complaint or their amended complaint. They rely on the premise that the pleadings were effectively amended when the lower court granted their Motion to Amend. The Johnsons did file a Motion to File Second Amended Complaint on February 23, 1996. The proposed Second Amended Complaint was supposed to be attached to the motion. However, the record does not contain a Second Amended Complaint and the Johnsons do not submit on appeal that the amendment was filed.

¶23. Additionally, the Johnsons rely on the liberal interpretation afforded Mississippi's Rules of Civil Procedure. Specifically, the Johnsons rely on M.R.C.P. 54 (c) which states in relevant part:

> every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled by the proof and which is within the jurisdiction of the court to grant, even if the party had not demanded such relief in his pleadings...

M.R.C. P. 54(c). The comment to 54(c) states that the rule is to be read in conjunction with M.R.C.P. 8, which states that a pleading shall contain "a demand for judgment for the relief to which he deems himself

entitled." M.R.C.P. 8(a)(2).

¶24. Motions for leave to amend complaint are left to the sound discretion of trial court; the Supreme Court reviews such determinations under an abuse of discretion standard; and, unless convinced that trial judge abused discretion, the Supreme Court is without authority to reverse. *Church v. Massey*, 697 So.2d 407, 413 (Miss. 1997). Grant or denial of motion for leave to amend is within sound discretion of trial court. *MBF Corp. v. Century Bus. Communications, Inc.,* 663 So.2d 595, 600 (Miss. 1995); *Frank v. Dore*, 635 So.2d 1369, 1375 (Miss. 1994). Amendments to the pleadings are properly addressed to the discretion of the lower court. *Red Enters., Inc. v. Peashooter, Inc.*, 455 So.2d 793, 796 (Miss. 1984); *McDonald v. Holmes*, 595 So.2d 434, 436 (Miss.1992). Where the plaintiff filed his motion for amendment of declaration setting out its exact terms, and such terms were incorporated into an order which quoted text of motion and which was filed in cause and entered upon minutes of court, amendment was sufficient, as against defendant's contention that original declaration should have been manually amended by interlineation or otherwise. *International Order v. Barnes*, 204 Miss. 333, 341, 37 So.2d 487 (1948), overruled on other grounds by *Mississippi Baptist Hosp. v. Holmes*, 214 Miss. 906, 55 So.2d 142 (1951). While the trial court has discretion to allow an amendment and should do so freely under the proper circumstances, an amendment should not occur when to do so would prejudice defendant. *Hester v. Bandy*, 627 So.2d 833, 839 (Miss. 1993).

¶25. In the case *sub judice*, the Johnsons raised the issue of prejudgment interest in their Motion for Summary Judgment. Preferred objected to an award of prejudgment interest in its response. As noted above, the Johnsons filed a Motion to Amend in order to include a demand for prejudgment interest. However, a formal amendment was never filed. The trial judge, in the Final Judgment, granted the Johnsons' motion and found that Preferred would not be prejudiced by the granting of the amendment.

¶26. This Court finds that the pleadings were effectively amended by the trial judge's order, and that Preferred suffered no prejudice from the award of prejudgment interest to the Johnsons. Under our rules of civil procedure, courts are to be liberal in allowing amendments to the pleadings. M.R.C.P. 15(b). Our decision follows the general rule that amendments to pleadings are to be freely allowed. Our case law, cited above, provides that the decision to allow amendments rests firmly within the discretion of the trial judge.

¶27. Under the facts of this case, the trial judge did not abuse his discretion in awarding the Johnsons prejudgment interest. The trial judge had before him briefs from both parties regarding the issues raised on Summary Judgments and outlining their arguments and authorities in support thereof.[(2)] Thus, the trial court had before it all of the evidence and case law to make an informed decision, and we find that the trial judge did not abuse his discretion in allowing the amendment to the pleading.

### II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING THE PLAINTIFFS POST JUDGMENT INTEREST

¶28. The trial judge awarded Ron interest at the rate of eight percent on the $18,543.00 entered as prejudgment interest. Dee was also awarded interest at the rate of eight percent on her prejudgment interest award of $12,980.00.

¶29. "All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered." Miss. Code Ann. § 75-17-7 (1991). "All other judgments or decrees shall bear interest at a per annum rate set by the judge having the

complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint."*Id.*

¶30. The parties broach this issue only superficially in their briefs. The Johnsons rely on the above statute and the trial judge's discretion in awarding demands for judgment. Preferred contends that the authorities cited under prejudgment interest also apply to a trial court's award of post judgment interest. Further, Preferred asserts that the award of post judgment interest amounts to an award of compound interest, which is not allowable.

¶31. The cases interpreting post judgment interest are scarce. Preferred directs this Court's attention to a Fifth Circuit case, *Stovall v. Illinois Central Gulf R.R.*, 722 F.2d 190 (5th Cir. 1984). *Stovall* involved an interpretation of a statute that has since been amended. At the time of the *Stovall* decision, 75-17-7 read, "All other judgments and decrees shall bear interest at the rate of eight percentum (8%) per annum." Miss. Code Ann. § 75-17-7 (1975). Thus, post judgment interest was permitted on a simple interest basis. *Stovall*, 722 F.2d at 192. However, since that time, 75-17-7 has been amended to allow interest "at a per annum rate set by the judge." Miss. Code Ann. § 75-17-7 (1991). We hold that the trial judge's awarding of interest at the rate of eight percent after date of entry of the order was within his discretion under the revised statute.

## CONCLUSION

¶32. In order for the award of prejudgment to stand, the Johnsons' claim for damages must be liquidated and the pleadings must reflect a demand for such interest. A review of the record makes it clear that the Johnsons' claim exceeded the liability limits of the UM coverage under the policy issued by Preferred. Thus, the claim was liquidated. Even though the Johnsons failed to make a proper demand for prejudgment interest in the pleadings, the pleadings were effectively amended when the trial judge granted a motion to amend. Under the facts, we cannot say that the trial judge abused his discretion in awarding prejudgment interest to the Johnsons.

¶33. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, ROBERTS AND SMITH, JJ., CONCUR. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND MILLS, J.**

### McRAE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:

¶34. I agree with the majority's conclusion that the Johnsons were entitled to an award of prejudgment interest on the benefits they ultimately collected from Preferred Risk. However, I would find that such an award need not be predicated upon either a showing of bad faith by the insurance company or the existence of liquidated damages. Regardless of whether damages are liquidated or not, the insured is entitled to prejudgment interest because the insurance contract itself calls for payment of damages suffered as the result of certain specified events; in this case, a car accident.

¶35. In actions for breach of a contract of insurance, the general rule is that the insured is entitled to prejudgment interest on the amount of benefits which were withheld by the insurer after payment was due. *State Farm Mutual Automobile Insurance Co. v. Bishop,* 329 So. 2d 670, 673 (Miss. 1976). The insurer wrote the policy, promising to pay promptly to the insured the benefits to which he is entitled in return for payment of his premiums. The Unfair Claims Practice Act requires that any claim must be resolved within a thirty day period. The insured is entitled to interest on claims not satisfied within that period, especially since it is during that time that the insurer sets up reserves for tax purposes.

¶36. Accounting is done and the insurance company gets these benefits, as well as the interest earned until the claim is paid. While in the case *sub judice*, the injuries suffered exceeded the policy limits, it matters not whether the claim submitted meets or exceeds those limits. The insurer is still required to resolve the claim within the thirty day period and is liable for payment of the benefits enumerated in the policy. Further, the situation is analogous to a case involving an open account on a contract, where the amount owed may or may not be equivalent to the total amount of the original obligation. Interest is owed on the remaining balance until it is paid in its entirety. Thus, for the insurer to retain the benefits payable to the insured for an undue period of time, whether or not the claim meets the policy limits, amounts to a windfall to the insurer.

¶37. We must not lose sight of the fact that prejudgment interest "is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue." *Sunburst Bank v. Keith*, 648 So. 2d 1147, 1153 (Miss. 1995); *Rubel v. Rubel*, 221 Miss. 848, 75 So. 2d 59, 69 (1954). That said, there is no basis for requiring a finding either of bad faith or liquidated damages before prejudgment interest can be awarded. Rather, the award of prejudgment interest is simply a part of making the insured whole again. He is entitled to the sum payable under the terms of his insurance contract as well as to the interest he would have earned had his claim been paid promptly, but which instead accrued to the benefit of the insurer.

¶38. Our law should operate to promote the fair and efficient settlement of insurance claims. When the insurer, and not the insured, is the beneficiary of interest earned on funds retained because of the insurer's failure to resolve a claim in a timely fashion, there is no incentive to comply with industry standards and regulations and the insured is deprived of the benefits for which he has contracted. The insurer enjoys a windfall by having the money to invest as well as all of the tax benefits that go with it. Accordingly, while I agree with the majority that the Johnsons were entitled to prejudgment interest, I disagree with the reasoning employed to reach that conclusion.

**SULLIVAN, P.J., AND MILLS, J., JOIN THIS OPINION.**

1. The motion indicated that a proposed Second Amended Complaint was attached. However, there is no Second Amended Complaint in the record.

2. The briefs filed at Summary Judgment were made a part of the record submitted to this Court.