840 So.2d 737 (2003)
Elaine HOPKINS, individually and on behalf of her minor children, Ashley Hopkins and Thomas Hopkins, Jr., Appellant,
v.
Brad Paul SCHAEFFER, Appellee.
No. 2002-CA-00637-COA.
Court of Appeals of Mississippi.
March 18, 2003.
Ramel Lemar Cotton, Precious Tyrone Martin, Jackson, attorneys for appellant.
*738 Philip W. Gaines, Juliette Veronica Wilson, Jackson, attorneys for appellee.
Before KING, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court:
¶ 1. Elaine Hopkins brought a personal injury suit on behalf of herself and her children for injuries sustained in an automobile accident with Brad Schaeffer. The jury returned a verdict in favor of Schaeffer. Aggrieved she asserts the following:

I. THE LOWER COURT ERRED IN DENYING HOPKINS' MOTION FOR JNOV, OR IN THE ALTERNATIVE A NEW TRIAL.
Finding no error, we affirm.

FACTS
¶ 2. On August 17, 1996, Elaine Hopkins was taking her son to football practice on or near the campus of Mississippi College. She traveled east on Highway 80 with her two children accompanying her. Brad Schaeffer was leaving the Mississippi College campus accompanied by his father. The two men were dropping off belongings to Brad Schaeffer's brother at his dormitory and were proceeding to find a parking place near campus.
¶ 3. Instructed by a traffic officer, Schaeffer turned left from Capitol Street onto Highway 80 East. As he did this, Hopkins was traveling toward the intersection and at some point after Schaeffer turned onto Highway 80 and Hopkins passed the Highway 80 and Capitol Street intersection a collision occurred between the two vehicles. The facts surrounding the collision are in conflict between the two parties.
¶ 4. Hopkins asserts that Schaeffer pulled onto Highway 80 without allowing enough space between his vehicle and the vehicle traveling toward the intersection, hers. Schaeffer asserts that ample space was provided and that the evidence shows that Hopkins was in the process of making an illegal turn and it was her actions which caused the collision. The facts being in dispute between the parties as to what occurred, the question of which story was supported by the evidence is for the jury to determine.

I. DID THE LOWER COURT ERR IN DENYING HOPKINS' MOTION FOR JNOV, OR IN THE ALTERNATIVE A NEW TRIAL?
¶ 5. Hopkins argues that the trial court erred in failing to grant a new trial or JNOV because the verdict was against the overwhelming weight of the evidence. Schaeffer submits that the jury was properly allowed to consider the question and returned a verdict in favor of Schaeffer as the facts in conflict were determinations for the jury and only upon those determinations could liability be determined. It is well settled in Mississippi case law that questions of fact are clearly for the jury. White's Lumber and Supply Co. v. Collins, 186 Miss. 659, 660, 192 So. 312, 313 (1939).
¶ 6. "The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical." American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995) (citing Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss.1993)). We are required to consider the evidence in the light most favorable to the non-moving party, and if the facts are so overwhelmingly in favor of the moving party that a reasonable juror could not have agreed with the verdict at hand, we must reverse. Sperry-New Holland, 617 So.2d at 252. If there is substantial evidence, however, in support of the verdict, such that a reasonable person may have reached different conclusions, we must affirm. Id. In regard *739 to a motion for a new trial, this decision is within the sound discretion of the trial judge. Green v. Grant, 641 So.2d 1203, 1207 (Miss.1994). A motion for new trial should only be granted when the entire evidence, viewed in the light most favorable to the non-moving party, leaves the trial judge with a "firm and a definite conviction that the verdict, if allowed to stand, would work a miscarriage of justice." Id. That is not the case here.
¶ 7. Due to the conflicting facts presented by both sides at trial, the entire case hinged on the jury's determinations, that is, which rendition of facts the jury believed occurred. Based on these facts the jury determined that Schaeffer was not liable for the damages of the collision. This issue is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.