653 So.2d 1387 (1995)
AMERICAN FIRE PROTECTION, INC. and Jeff M. Yarborough,
v.
Jack W. LEWIS.
No. 91-CA-00665-SCT.
Supreme Court of Mississippi.
April 6, 1995.
*1388 Jerome L. Lohrmann, Lohrmann & Associated, Jackson, for appellants.
David N. Gillis, Jackson, for appellee.
EN BANC.

ON PETITION FOR REHEARING
McRAE, Justice, for the court:
The original opinions are withdrawn and these opinions are substituted therefor.
American Fire Protection, Inc. (hereinafter "American Fire") and Jeff M. Yarborough appealed the decision of the Hinds County Circuit Court (First Judicial District) which ordered them to pay $6,552.00 and $3,000.00 respectively to Jack W. Lewis on the basis of a contract between the parties. Lewis cross-appealed the judgment of the circuit court seeking prejudgment interest. Finding that contract liability exists, we affirm the decision of the lower court on direct appeal regarding the $6,552.00, but we reverse and render the $3,000.00 verdict against Yarborough. However, we find the judge abused his discretion in that Lewis was entitled to prejudgment interest, and therefore, we reverse and render on the cross-appeal. American Fire and Yarborough raised the following issues on direct appeal:

I.
The circuit court erred in entering a jury verdict which was not responsive to the issues and contrary to the instructions of the court.

II.
The circuit court erred in refusing to sustain American Fire's motion for a directed verdict, JNOV, or, alternatively motion for a new trial when the verdict of the jury was not supported by the preponderance of the evidence.

III.
The circuit court erred in refusing to sustain Yarborough's motion for a directed *1389 verdict, JNOV, or, alternatively, motion for a new trial when the verdict against him was not supported by the evidence and contrary to existing law.
On cross-appeal, Lewis raised the following pertinent issue:
A.
The circuit court erred in denying Lewis' motion to amend the final judgment to include prejudgment interest on the amount of damages assessed by the jury.
STATEMENT OF FACTS
American Fire was a Mississippi corporation owned equally by Yarborough, Pitts, and Hugh Hollingsworth and was in the business of installing commercial fire protection and sprinkler systems throughout the state. On March 24, 1988, Lewis, as an employee, met with Yarborough and Pitts to resolve questions about his termination and Pitts' withdrawal as partner. One of the topics discussed at this meeting was the amount of money American Fire owed Lewis for jobs he completed. Lewis and Yarborough, along with Pitts, had previously established an agreement whereupon Lewis would receive an hourly rate plus a certain percentage of profits on work that he "brought in." In addition to this arrangement, Lewis often worked jobs on a purely contract basis where profits were split fifty-fifty.
Pitts determined how much money was owed Lewis for the jobs with the exception of the labor and truck expense which was determined by Yarborough. Pitts never obtained Hollingsworth's approval on anything, and therefore, he was never aware of any agreement with Lewis. At the meeting, the partners voted not to allow Lewis to join the partnership. Pitts decided at that time to leave the business and form a new company with Lewis. At this time, Pitts prepared a statement of jobs that Lewis worked where he was paid one-half the profits. Lewis made notes on the discussion and the ultimate agreement between the parties. Lewis admitted that they did not instigate the meeting with the idea of formulating a contract, but the purpose behind the meeting included how furniture would be split, existing jobs, and Lewis' pay. The document was signed by Yarborough and Pitts; however, it did not designate that it was signed by Yarborough on behalf of American Fire, but Lewis assumed that he had an agreement because Pitts and Yarborough were both present and most of his dealings in the past involved only the approval of Yarborough for the company. The signed document served as evidence of their agreement derived at the meeting. Yarborough said he signed the document "primarily to present the items to Hollingsworth." The document in question was later modified between Yarborough and Lewis because it addressed "fifteen percent," but did not refer to how the percentage was to be applied to the jobs. Yarborough said the percentage reflected overhead from the cost of the job whereas Lewis claimed it should be calculated from gross profits rather than the total cost of the job. They finally agreed to gross profits, and the document was initialed by both parties and given to Pitts. Pitts signed the revised copy.
Lewis received his hourly rate on most of these jobs, but did not receive the profit sharing monies as he had in the past. During this time Lewis also worked on other jobs for Yarborough where he only got an hourly pay per an agreement to that effect. Lewis did not make demands for the profit share immediately because the company traditionally waited until the customer paid for the job, and he did not realize he would not be paid until Yarborough commented in other litigation with Pitts that he did not owe anything to Lewis. There were approximately five jobs that Lewis was due a percentage of the profits and/or labor which was reflected in the $6,552.00 amount awarded by the jury in actual damages. The jury also awarded Lewis $3,000 against Yarborough personally for interference with the contract.
Lewis made an oral demand to American Fire and Yarborough for the money owed him in October, 1988. Lewis then made a *1390 written demand to American Fire, Yarborough, and their attorney, Jerry Lohrmann, on December 13, 1988.
A check was tendered for one of the jobs, but Lewis did not cash it because it was marked "payment in full." Lewis filed a complaint in the Circuit Court of Hinds County on June 16, 1989. After the lower court found a contract existed between the parties, American Fire and Yarborough filed a motion for a directed verdict and a motion for judgment notwithstanding the verdict, or alternatively, a motion for a new trial.

DISCUSSION OF LAW
The first issue that American Fire and Yarborough raised on appeal is that the jury's verdict was unresponsive and contrary to the instructions of the court. Whether the verdict is unresponsive to the instructions of the court cannot be ascertained by this Court as the complete instructions given to the jury were not included as part of the record. However, the refused instructions were made a part of the record. Only one instruction, which appears to have been given, is included in the record. "On appeal, this Court does not review jury instructions in insolation; rather they are read as a whole to determine if the jury is properly instructed." Bradford v. Barnett, 615 So.2d 580, 583 (Miss. 1993). See also, Splain v. Hines, 609 So.2d 1234, 1239 (Miss. 1992); Heidel v. State, 587 So.2d 835, 842 (Miss. 1991); Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 40 (Miss. 1989).
Unfortunately, if American Fire and Yarborough are going to raise the issue on appeal, then it is incumbent upon them to include the necessary information in the record. This Court has very recently held that it may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record. Dillon v. State, 641 So.2d 1223, 1225 (Miss. 1994) (citing Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973)). Therefore, the trial court cannot be held in error based on the information presented. The burden is on American Fire and Yarborough to make sure there is a complete record that supports all of their arguments. Ross v. State, 603 So.2d 857, 861 (Miss. 1992). As a matter of fact, it is an appellant's duty to justify his arguments of error with a proper record, which does not include mere assertions in his brief, or the trial court will be considered correct. Smith v. State, 572 So.2d 847, 849 (Miss. 1990).
While the transcript provides some dialogue regarding the jury instructions and the appellant cites this verbatim, it does not tell this Court what language was actually in the instructions themselves. The transcript merely provides comments on how the attorneys perceived the instructions. There is no merit to this assignment of error.
The second and third error American Fire and Yarborough raised on appeal involve the motions for a directed verdict, judgment notwithstanding the verdict, and new trial as they apply to each defendant. First, appellant's counsel argued, with an extensive citation of Corbin on Contracts, that the signed agreement between Lewis, Pitts and Yarborough did not constitute a contract with the corporate entity, and therefore, the trial court should have granted one of the three motions.
However, the grant or denial of a new trial has always been within the sound discretion of the trial judge, and absent an abuse of discretion, this Court is "without power to disturb such a determination." Muse v. Hutchins, 559 So.2d 1031, 1034 (Miss. 1990). The standard of review for denial of a judgment notwithstanding the verdict and a directed verdict are identical. Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss. 1993) (citing Munford, Inc. v. Fleming, 597 So.2d 1282, 1284 (Miss. 1992)). Under this standard, this Court uses the following analysis:
[The evidence is considered] in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point *1391 so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, [then the Court is] required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.
Munford, 597 So.2d at 1284 (citing Litton Systems, Inc. v. Enochs, 449 So.2d 1213, 1214 (Miss. 1984)).
Of course, the standard of review is predicated upon the fact that the trial judge applied the correct law. Sperry-New Holland, 617 So.2d at 252. It is a fundamental principle of law that courts will construe a contract between parties if such intent be found. Hicks v. Bridges, 580 So.2d 743, 745 (Miss. 1991) (citing Etheridge v. Ramzy, 276 So.2d 451 (Miss. 1973)). "Our concern is not nearly so much what the parties may have intended as it is what they said, for the words employed are by far the best resource for ascertaining intent and assigning meaning with fairness and accuracy." Simmons v. Bank of Mississippi, 593 So.2d 40, 42 (Miss. 1992).
The facts in this case support, by a preponderance of the evidence, that a contract was formed between the parties. Lewis said the only contracts he ever formed with American Fire involved scraps of paper and legal pads. While the parties did not formally announce a contract was made, an agreement was made, which was reduced to writing, however rudimentary, and signed by the parties present, indicating an intention to be bound by their agreement.
Finally, Yarborough contended that he is immune from individual contractual liability because he was acting in his official capacity. Yarborough was an agent of American Fire. Arguably, some of his business dealings with Lewis could be considered individually negotiated. The trial court did not find Yarborough or American Fire to be acting in bad faith to justify punitive damages or prejudgment interest on the damages awarded. Therefore, it would appear that Yarborough's actions could not constitute individual liability absent bad faith. However, an individual may be held jointly liable with a corporation for a tort he commits as an agent of the corporation. Kitchens v. Mississippi Insurance Guaranty Assoc., 560 So.2d 129, 134 (Miss. 1989). Lewis is essentially claiming that Yarborough did not deal with him fairly, and that he had an implied duty to do so. The jury agreed in awarding Lewis $3,000.00 in actual damages against Yarborough. However, Lewis failed to provide any evidence to sustain a judgment against the individual, Yarborough. That being the case, the trial court should have granted a JNOV. Therefore, the judgment against Yarborough is reversed and rendered.

Cross-Appeal For Prejudgment Interest
Lewis cross-appealed for prejudgment interest based on the premise that his claims were liquidated since Pitts prepared estimates in advance. An award of prejudgment interest is normally left in the discretion of the trial judge. Warwick v. Matheney, 603 So.2d 330, 342 (Miss. 1992). "No award of prejudgment interest may rationally be made or computed where the principal amount has not been fixed prior to judgment." Warwick, 603 So.2d at 342; Stanton & Associates, Inc. v. Bryant Const. Co., Inc., 464 So.2d 499, 504 (Miss. 1985). American Fire's estimates became fixed amounts before the time of trial because the jobs were completed by the time Lewis filed his complaint; therefore, Lewis should be entitled to prejudgment interest.
However, prejudgment interest may also be appropriate where the denial of a claim is frivolous or in bad faith. Warwick, 603 So.2d at 342. Lewis claimed that American Fire and Yarborough operated in bad faith in waiting almost a year to pay him on a job, and then conditioning payment upon his signing a release. Yarborough countered *1392 this claim by stating that Lewis withheld installation plans which were required to receive payment from the insurance company. American Fire and Yarborough's actions of demanding a release along with payment apparently was not considered by the trial judge to constitute bad faith in light of Lewis' own action.
Previous case law provided that where a legitimate dispute on items of damages exist, and the amount has to be determined by this Court, prejudgment interest is not proper. M.T. Reed Const. Co. v. Nicholas Acoustics & Specialty Co., 379 So.2d 308, 313 (Miss. 1980) (disapproved on other grounds by Tideway Oil Programs, Inc. v. Serio, 431 So.2d 454 (Miss. 1983)). Lewis cited this Court's comment in Commercial Union Insurance Co. v. Byrne, 248 So.2d 777, 783 (Miss. 1971), where prejudgment interest could be allowed, within the discretion of the trial court, despite the amount of loss being in dispute.
Perhaps the best light to shed on this issue is our "interest on judgments and decrees" statute as amended by the legislature in 1989. Case law has yet to interpret this portion of the statute which reads as follows:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by such judge to be fair but in no event prior to the filing of the complaint.
Miss. Code Ann. § 75-17-7 (Revised 1991) (emphasis added).
The language of the second sentence implicitly authorizes the chancellor to allow prejudgment interest from the time Lewis' claim was filed because the document, which was recognized by the jury as a contract, did not designate any interest, yet the amount of damages was certain. We have applied Miss. Code Ann. § 75-17-7 in a worker's compensation case holding that an employee are entitled to interest on past due compensation from the date he filed his petition to controvert. Smith v. Jackson Constr. Co., 607 So.2d 1119 (Miss. 1992). Likewise, a party may be entitled to prejudgment interest from the date a complaint is filed. Miss. Code Ann. § 75-7-17 (Revised 1991). In this case, the judge should have allowed prejudgment interest from the date the complaint was filed. To hold otherwise would not adequately compensate Lewis.

CONCLUSION
American Fire and Yarborough entered into an agreement with Lewis reflecting the typical salary arrangements the appellants had with Lewis and others in the past. This agreement was signed by the parties present at the meeting as evidence of their intent to follow a company plan. Judge and jury alike heard the evidence and found a contract existed. Therefore, this Court affirms the trial court's decision in denying the appellant's, American Fire's, motions on a directed verdict, judgment notwithstanding the verdict, and a new trial; however, we reverse and render the judgment against Yarborough individually. Furthermore, this Court reverses the trial judge's decision on the cross-appeal and remands it to the lower court for a determination of the amount of prejudgment interest owed to Lewis.
ON DIRECT APPEAL: AFFIRMED IN PART AND REVERSED IN PART. ON CROSS-APPEAL: REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., SULLIVAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in part with separate written opinion joined by PITTMAN, J.
DAN M. LEE, Presiding Justice, concurring in part:
I concur with the ultimate result reached by the majority opinion. However, I believe the majority opinion relies upon a strained or *1393 incorrect interpretation of Miss. Code Ann. § 75-17-7 (Rev. 1991) when awarding prejudgment interest in this breach of contract case.
Miss. Code Ann. § 75-17-7 (Rev. 1991) provides:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by such judge to be fair but in no event prior to the filing of the complaint.
The first sentence of Miss. Code Ann. § 75-17-7 simply provides that judgments or decrees founded upon sales or breach of contract will pay interest at the rate provided for in the contract. The second sentence states that the trial judge can assess prejudgment interest from the time the complaint was filed on all non breach of contract or non sale judgments or decrees at a per annum rate determined by the judge. The first sentence makes no mention of the judge's ability to award prejudgment interest back to the time the complaint was filed. Clearly, the second sentence in this statute has nothing whatsoever to do with judgments or decrees based on breach of contract or sale. Accordingly, a plain reading of Miss. Code Ann. § 75-17-7 makes it clear that it was not the legislature's intention to authorize prejudgment interest in breach of contract cases.
PITTMAN, J., joins this opinion.