BARNES, J.,
for the Court:
¶ 1. After a fire destroyed a cotton picker newly purchased by Arcadia Farms Partnership (Arcadia), Arcadia submitted a claim for the loss under its policy with Audubon Insurance Company (Audubon). Although the coverage initially was denied by Arcadia’s insurance agent, The Mitchell Company, Inc., Audubon later paid Arcadia $100,000 for the loss. Arcadia filed a complaint against The Mitchell Company for negligence due to its failure to procure insurance for the cotton pickers in a timely manner. Arcadia subsequently amended its complaint, adding Audubon as a defendant and claiming that the $100,000 reimbursement was not sufficient under the policy, and it alleged that Audubon’s failure to submit prompt payment was a “bad faith breach of the policy terms.” Audubon filed a motion for summary judgment, contending that Arcadia had failed to identify or provide evidence of any compensatory damages (i.e., interest accrued and attorney’s fees) owed by Audubon. The trial court granted the motion for summary judgment and entered a final judgment for Audubon, finding that a compensatory award of prejudgment interest was not “appropriate” based on “existing authority.” Arcadia appeals, claiming that it is entitled to prejudgment interest calculated from the date of the breach of the insurance contract and that, if it is found that Arcadia’s complaint did not contain a demand for prejudgment interest, the trial court should have allowed Arcadia to amend its complaint. Upon review, we find that there is a genuine issue of material fact as to whether Arcadia is entitled to prejudgment interest. Accordingly, the circuit court erred in granting Audubon’s motion for summary judgment. We also find that, to the extent Arcadia’s amended complaint did not contain a specific claim for prejudgment interest, the trial court abused its discretion in denying Arcadia’s motion to amend. We reverse the circuit court’s judgment and remand this case for further proceedings consistent with this opinion.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On August 30, 2001, Arcadia purchased three John Deere® cotton pickers, one of which is the subject of this appeal, from Wade, Inc. (Wade), a local farm-equipment dealer. At the time of purchase, Arcadia had a farm-operations insurance policy issued by Audubon. The effective coverage date for this policy was May 7, 2001, through May 7, 2002. The *110 policy provided limited coverage for equipment purchased by Arcadia subsequent to the issuance of the policy. Specifically, there were two pertinent clauses — the first provided coverage for “replacement” equipment, and the second provided coverage for “additional acquired property” equipment.
¶ 3. The Mitchell Company and J.H. Johnson and Company (Johnson) were Arcadia’s local insurance agents. Allegedly, Wade was to inform The Mitchell Company of the purchases so that the equipment would be insured. Arcadia took possession of the subject cotton picker on October 1, 2001. However, a letter from John Deere® Credit notifying The Mitchell Company of the equipment purchase and asking The Mitchell Company to verify insurance on the equipment was not received until October 15, 2001.
¶ 4. On October 16, 2001, one of the new cotton pickers was destroyed by fire. The following day, an Arcadia employee, Taylor Flowers, went to The Mitchell Company’s office to provide a list of the newly acquired cotton pickers, and he mentioned the destruction of one of the pickers. The Mitchell Company informed Arcadia that the insurance policy did not provide coverage as the pickers had not been identified under the schedule of equipment insured under the policy. On October 19, 2001, Johnson, who was an insurance broker for The Mitchell Company, was informed of the loss of the cotton picker. Johnson sent a letter to Audubon, which stated that Arcadia was informed that the subject cotton picker was not covered and that Arcadia had said that Wade “should have had this insured” as it was bought and financed through Wade. Specifically, Johnson told Audubon: “There has been no demand on us as of now[,] and we are sending this for information purposes only.”
¶ 5. In early 2002, Arcadia sent a request to The Mitchell Company regarding the procedure for filing a claim but, again, was told that the subject picker was not covered under the policy. On June 25, 2002, Arcadia filed a complaint for negligence against The Mitchell Company for failure to obtain the insurance for the new equipment as requested. In October 2003, The Mitchell Company informed Johnson that Arcadia wanted a claim submitted to Audubon for the damaged picker. After investigation of the claim, Audubon concluded that the cotton picker was covered under the clause for newly acquired equipment in the policy. As a result, on March 23, 2004, Audubon paid Arcadia $100,000 for its loss per the terms of the policy.
¶ 6. However, on October 14, 2004, Arcadia amended its complaint seeking damages from Audubon as an additional defendant. In the amended complaint, Arcadia claimed that the subject cotton picker was a replacement for a cotton picker listed on the equipment list when the policy was purchased. Thus, Arcadia argued that it should have received “not less than $150,000 for said loss.” The complaint also stated that Audubon’s “silence” surrounding The Mitchell Company’s representation that there was no coverage was a bad-faith breach of the terms of the insurance contract. For this alleged breach, Arcadia requested “an award of compensatory and punitive damages against Audubon ... in the amount of $3.5 million, together with an award of costs, interest and attorneys’ fees.”
¶ 7. After a lengthy and extensive discovery period, Audubon filed a motion for summary judgment on December 14, 2007. After a hearing, the circuit court neither granted nor denied Audubon’s motion. On September 11, 2008, Audubon filed a motion to “Limit Damages Proof,” asking the circuit court to determine that Arcadia was *111 not entitled to prejudgment interest from the date of the initial claim made to The Mitchell Company on October 19, 2001, to the filing of the complaint against Audubon in October 2004. On March 9, 2009, the circuit court granted Audubon’s motion, in part, stating:
As for the claims of prejudgment interest, the Court finds the Plaintiff has failed to specifically plead such damages in its complaint. Further, even if the Plaintiff had specifically pled prejudgment interest, the Court finds that Mississippi] Code Annotated section] 75-17-7 precludes the recovery of prejudgment interest in this matter.
As to other compensatory damages, the circuit court held that Arcadia was “entitled to seek at trial whatever damages [it] can establish to a reasonable degree of eertainty[.]”
¶ 8. Audubon filed a second motion for summary judgment on the ground that, absent the right to recover prejudgment interest, Arcadia had no proof of damages since Audubon had paid Arcadia’s insurance claim prior to the filing of the amended complaint. On March 26, 2009, Arcadia filed a motion for reconsideration or, in the alternative, leave to file an amended complaint to plead for prejudgment interest specifically.
¶ 9. On April 1, 2009, the circuit court held a hearing on the two motions. At the hearing, the circuit judge stated that “in view of the existing authority, ... prejudgment interest is inappropriate in this case.” Accordingly, on May 4, 2009, the circuit court entered a “Final Judgment As To Audubon Insurance Company,” granting Audubon’s second motion for summary judgment and denying Arcadia’s motion for reconsideration/leave to amend. Arcadia filed a notice of appeal of the circuit court’s order. Further, after a settlement was reached between Arcadia and The Mitchell Company, the circuit court entered a judgment of dismissal for The Mitchell Company on June 2, 2009. Arcadia filed a second notice of appeal on June 9, 2009. This appeal concerned the same issues but was filed out of an abundance of caution. The two issues raised on appeal are: (1) whether Arcadia was entitled to prejudgment interest calculated from the date of the breach of the insurance contract and (2) whether Arcadia’s complaint contained a demand for prejudgment interest or, in the alternative, whether Arcadia should have been allowed to amend its complaint. We find that a genuine issue of material fact exists as to whether Arcadia is entitled to prejudgment interest. We further find that Arcadia’s complaint contained an appropriate demand for interest and, alternatively, that the circuit court erred in denying Arcadia’s motion to amend its complaint. Accordingly, we reverse the judgment of the circuit court and remand this case for further proceedings in accordance with this opinion.
STANDARD OF REVIEW
¶ 10. “This Court employs a de novo standard of review of a lower court’s grant or denial of a motion for summary judgment.” Davis v. Paepke, 3 So.3d 131, 136—37 (¶ 17) (Miss.Ct.App.2009) (citing Pratt v. City of Greenville, 918 So.2d 81, 82 (¶ 4) (Miss.Ct.App.2006)). “[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[,]” the circuit court shall grant summary judgment for the movant. Id. (citing M.R.C.P. 56(c)). Evidence is “ ‘viewed in the light most favorable to the party against whom the motion has been made,’ and the moving party bears the burden of demonstrating that no genuine *112 issue of fact exists.” Id. (citing Pratt, 918 So.2d at 82-83 (¶ 4)). If no genuine issue of material fact exists, then the movant “is entitled to a judgment as a matter of law.” Id. (citing Pratt, 918 So.2d at 83 (¶ 4)):
I. Whether Arcadia is legally entitled to recover prejudgment interest pursuant to Mississippi Code Annotated section 75-17-7.
¶ 11. Mississippi Code Annotated section 75-17-7 (Rev.2000) states:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate- set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.
In April 2009, at the hearing on Arcadia’s motion to reconsider or amend the judgment, the circuit judge stated that “in view of the existing authority ... prejudgment interest is inappropriate.” This holding is in accord with Audubon’s position that section 75-17-7 states prejudgment interest should not be calculated prior to the filing of the complaint. Since the complaint was filed after Arcadia had been compensated for the loss, Audubon contends that Arcadia is not entitled to prejudgment interest. However, Arcadia interprets section 75-17-7 to mean that Arcadia is entitled to prejudgment interest calculated from October 19, 2001, the date it alleges that Audubon breached the insurance contract. This date relates to the date of the letter Johnson sent to Audubon informing them of the loss of the cotton picker.
¶ 12. “It is a general rule that in actions for a breach of contract of insurance, when the amount which the insured is entitled to under the contract is withheld after payment is due, interest on such amount can be allowed as damages.” State Farm Mut. Auto. Ins. Co. v. Bishop, 329 So.2d 670, 673 (Miss.1976). More specifically, “Mississippi recognizes judicial authority to award prejudgment interest to a prevailing party in a breach of contract suit.” Moeller v. Am. Guarantee and Liab. Ins. Co., 812 So.2d 953, 958 (¶ 11) (Miss.2002) (quoting Preferred Risk Mut. Ins. Co. v. Johnson, 730 So.2d 574, 577 (Miss.1998) (overruled on other grounds)). If when the claim is made, the amount due is liquidated, or “when the denial of a claim is frivolous or in bad faith[,]” prejudgment interest may be allowed. Id. “Prejudgment interest is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue.” Id. “Stated another way, ‘prejudgment interest compensates for the time value of money, and thus is often necessary for full compensation.’ ” In re Guardianship of Duckett v. Duckett, 991 So.2d 1165, 1182 (¶ 40) (Miss.2008) (citing Motion Picture Ass’n of Am. v. Oman, 969 F.2d 1154, 1157 (D.C.Cir.1992)). The decision on whether to award prejudgment interest is reviewed under an abuse-of-discretion standard. Moeller, 812 So.2d at 958 (¶ 11).
¶ 13. Arcadia contends that the Mississippi Supreme Court “has made crystal clear” that prejudgment interest should be calculated from the date of the breach of the contract. Arcadia supports its claim citing Duckett, wherein the Mississippi Supreme Court examined Mississippi Code Annotated section 75-17-7 to determine how best to calculate the rate of prejudgment interest. In its analysis, the supreme court noted the distinction between judgments based upon a sale or contract and all other judgments. Duckett, 991 So.2d at 1181 (¶ 34). Arcadia interprets this discussion to mean that, al *113 though prejudgment interest on “all other judgments” is not to be calculated before the filing of a complaint, no such restriction applies to judgments based upon a sale or contract.
¶ 14. The language precluding interest from accruing prior to the complaint was not contained in section 75-17-7 until 1989. Prior to the 1989 amendment concerning “other judgments and decrees,” the statute merely stated in pertinent part: “All judgments and decrees founded on any contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments and decrees shall bear interest at the rate of eight percentum (8%) annum.” Miss.Code Ann. § 75-17-7 (1972). The Legislature’s decision to include such language in the second sentence in the 1989 amendment, yet exclude it from the first sentence regarding judgments founded on contracts, certainly favors Arcadia’s position that no such restriction on judgments based on contracts was intended.
¶ 15. Arcadia’s argument that prejudgment interest on a breach of contract case may be awarded from the date of the breach is well-supported by Mississippi case law. The Mississippi Supreme Court, in Commercial Union Insurance Co. v. Byrne, 248 So.2d 777, 783 (Miss.1971), stated: “[I]t seems to be clear from what was said in these cases and other cases that where there is a total loss and the valued policy statute comes into play, the insured is entitled to interest from the time the payment is due, provided a proper demand for interest is made.” [1] (Emphasis added). Even after the 1989 amendment to section 75-17-7, the supreme court continued to hold “that the prevailing party in a breach of contract suit is entitled to have added legal interest on the sum recovered computed from the date of the breach of the contract to the date of the decree.” Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So.2d 954, 971 (¶ 53) (Miss.1999) (quoting Stockett v. Exxon Corp., 312 So.2d 709, 712 (Miss.1975)) (emphasis added). Relying on sections 75-17-7 and 75-17-1,[2] the supreme court in Sentinel held that “[t]he trial judge should have awarded ... prejudgment interest on the damages for breach of contract in this case, calculated at 8% per annum from the date of the breach to the date of judgment.” Id. (emphasis added); see also Terex Corp. v. Ingalls Shipbuilding, Inc., 671 So.2d 1316, 1324 (Miss.1996) (an award of prejudgment interest “from the date of the breach of the contract to the date of the lower court decree” was proper based on a finding of bad faith) (emphasis added).
¶ 16. We acknowledge that there is one Mississippi case which supports Audubon’s position. In American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1392 (Miss.1995), the Mississippi Supreme Court made its first interpretation of the 1989 amendment to section 75-17-7 and held that “[t]he language of the second sentence [of section 75-17-7] implicitly authorizes the chancellor to allow prejudgment interest from, the time Lewis’[s] claim was filed because the document, which was recognized by the jury as a contract, did not *114 designate any interest, yet the amount of damages was certain.” (Emphasis added). However, this result of section 75-17-7 was not the approach adopted by the supreme court four years later in Sentinel, which as we have already noted, used both sections 75-17-1 and 75-17-7 to award interest from the date of the breach.
¶ 17. In a more recent case, Estate of Baxter v. Shaw Associates, Inc., 797 So.2d 396, 403 (¶ 30) (Miss.Ct.App.2001), this Court reiterated: “Generally, if prejudgment interest is to be awarded, it dates from the breach of contract.” (Citing Stockett, 312 So.2d at 712) (emphasis added). In discussing the computation of prejudgment interest in that case, we explained the relationship between sections 75-17-1 and 75-17-7 and stated that, although section 75-17-1 does not “refer to prejudgment interest, ... it has nonetheless been relied upon in several [sjupreme [cjourt decisions[, likely] .... because a breach of a contract that causes easily calculable damages is treated as an obligation under the contract for which this interest rate applies.” Id. at 404 (¶ 34). “Therefore, both statutes have been found to address prejudgment interest, one for any interest before judgment going back to the date of the damages, the other for interest after the suit is filed.” Id.
¶ 18. The decision to award prejudgment interest is based on whether compensation is warranted for the detention of money overdue. See Moeller, 812 So.2d at 958 (¶ 11). While we do not make any determination as to whether Arcadia is entitled to prejudgment interest, it is appropriate in certain circumstances, such as those pleaded by Arcadia, to award prejudgment interest from the date of the breach of contract. Therefore, we find that the circuit court erred in granting summary judgment in favor of Audubon, and we reverse the judgment and remand this case for further proceedings in accordance with this opinion.
II. Whether Arcadia should have been allowed leave to amend its complaint to include a demand for prejudgment interest.
¶ 19. Arcadia contends that its amended complaint included a claim for “interest” and, in the alternative, that the circuit court should not have denied its motion for leave to amend the complaint to include a specific claim for prejudgment interest.
¶ 20. Mississippi Rule of Civil Procedure 8(a) states that a claimant must submit “a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled....” In Upchurch Plumbing, Inc. v. Greenwood Utilities Commission, 964 So.2d 1100, 1118 (¶ 45) (Miss.2007), the Mississippi Supreme Court further clarified that Rule 8(a) “require[s] that a party assert a demand for prejudgment interest in the appropriate pleading[.]” See also Miss. Dep’t. of Human Servs. v. McNeel, 10 So.3d 444, 460 (¶ 35) (Miss.2009) (holding that a “party must make a proper demand for the interest in the pleadings” in order to be awarded prejudgment interest) (citing Moeller, 812 So.2d at 958 (¶ 11)). However, the supreme court has acknowledged that the rule “does not require that a party seeking prejudgment interest must plead the specific date on which the prejudgment interest allegedly is due.” Upchurch Plumbing, Inc., 964 So.2d at 1118 (¶ 45).
¶ 21. In Arcadia’s amended complaint filed in 2004, it requested “an award of compensatory and punitive damages against Audubon Insurance Company in the amount of $3.5 million, together with an award of costs, interest and attorneys’ fees.” (Emphasis added). On November *115 16, 2006, in the “Plaintiffs Responses To Interrogatories Propounded by Defendant Audubon Insurance Company,” Arcadia also responded as follows:
The Plaintiff requests compensatory damages in the full amount of the purchase price of the cotton picker, said amount totaling about $800,000, which would include the replacement cost of the picker. Plaintiff also requests] to be compensated for all interest payments made and other consequential damages incurred, including attorney’s fees, as a result of the Defendant’s failure to pay the covered loss in timely fashion. Additionally, Plaintiff is entitled to interest accrued — and continuing to accrue — on all of the above amounts. Plaintiff also requests punitive damages in the amount of $3,000,000.00.
(Emphasis added). Then, on May 29, 2007, in Arcadia’s second supplemental response to interrogatories, it stated, in part, that:
The Plaintiff claims that it is at a minimum entitled to compensatory damages from Audubon in the amount of $100,000. This number was obtained by calculating interest at 8% per month on the $100,000 that Audubon failed to pay out under the “Additional Acquired Property — Newly Purchased” clause for three (3) years after the loss. Also included in this calculation is the $35,000.00 dollars the Plaintiff had to pay in attorney’s fees to recoup the $100,000.
Finally, in its third supplemental response to Audubon’s interrogatories on March 4, 2008, Arcadia states:
The Plaintiff seeks compensatory damages from Audubon in the amount of $61,000.00. This number consists of two items: 1) the interest owed on the $100,000 that was wrongfully withheld for three (3) years and 2) the attorneys fees Arcadia was forced to pay to recoup the $100,000 paid out under the “Additional Acquired Property — Newly Purchased” clause of the policy.
(Emphasis added).
¶ 22. Arcadia did not specifically request prejudgment interest in its pleadings. However, the purpose of Rule 8 of the Mississippi Rules of Civil Procedure is to “put the opposing party on sufficient notice of the claims and grounds upon which relief is sought.” Gulf City Seafoods, Inc. v. Oriental Foods, Inc., 986 So.2d 974, 980 (¶ 29) (Miss.Ct.App.2007) (citing Estate of Stevens v. Wetzel, 762 So.2d 293, 295 (¶ 11) (Miss.2000)). In Gulf City Seafoods, Inc., this Court found that Oriental Foods’ request for a specified amount of interest “was sufficient to place Gulf City on notice that prejudgment interest was requested in the complaint.” Id. at 980-81 (¶ 29). Thus, “while Oriental did not use the key words, ‘prejudgment interest,’ its request for $5,680.20 in interest met the substance of a pre-judgment interest request.” Id. at 980 (¶ 28).
¶ 23. While it is preferable that parties be specific in their pleadings when it comes to claims for damages, we find Arcadia’s request in its amended complaint for compensatory damages, including interest, was sufficient to put Audubon on notice of the damages sought. Further, Arcadia’s supplemental discovery responses, while not utilizing the specific term “prejudgment interest,” gave Audubon notice that prejudgment interest was sought by Arcadia. Thus, we find that the language in Arcadia’s amended complaint and discovery responses was sufficient to include an award of prejudgment interest.
¶ 24. We find that, to the extent Arcadia’s amended complaint did not specifically request prejudgment interest, the circuit court abused its discretion by *116 not allowing Arcadia to amend its complaint to include a specific demand. “Motions for leave to amend a complaint are at the sound discretion of the [circuit] court.” Hannon v. Regions Bank, 961 So.2d 693, 701 (¶ 28) (Miss.2007) (citing Wal-Mart Super Ctr. v. Long, 852 So.2d 568, 570 (¶ 6) (Miss.2003)). This Court may only reverse the denial of a motion to amend upon a finding that the circuit court abused its discretion. Id. (citing Moeller, 812 So.2d at 961 (¶ 26)). However, a circuit court “should not allow amendment when to do so would prejudice the defendant.” Id. (citation omitted).
¶ 25. In Moeller, 812 So.2d at 962 (¶ 30), the Mississippi Supreme Court found that two motions to amend a complaint to include prejudgment interest— one made at trial and one on appeal to enforce the mandate — should have been granted. The supreme court reasoned:
In the present case it is difficult to ascertain the actual prejudice that American Guarantee would have suffered had Fuselier been allowed to amend their complaint to include a request for prejudgment interest. Neither special chancellor participating in this case presented any insightful reason as to why the motions to amend were denied. This lack of explanation or showing of actual prejudice to American Guarantee, combined with M.R.C.P. 15(a) and the case law relying upon Rule 15(a)’s language stating that leave to amend “shall be freely given when justice so requires,” leaves this Court with little choice but to find an abuse of discretion on the part of both special chancellors. The motion to amend should have been granted.
Id. Likewise, we cannot discern any potential prejudice that would have been suffered by Audubon as a result of granting Arcadia’s motion to amend. Therefore, in accordance with Moeller, we find that the circuit court’s denial of Arcadia’s motion to amend its complaint was an abuse of discretion.
¶ 26. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.

. We note that the Commercial Union case did not address prejudgment interest in the context of any Mississippi statutory provisions.

. Mississippi Code Annotated section 75-17-1(1) (Rev.2000) states: “The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.”