WALLER, Chief Justice,
for the Court.
¶ 1. A fire destroyed a cotton-picking machine owned by Arcadia Farms Partnership. Though insurance coverage initially was denied, Audubon Insurance Company eventually paid Arcadia $100,000 for the loss. Arcadia then filed suit against Audubon, asserting that Audubon’s failure to submit prompt payment constituted a “bad faith breach of the policy terms, inter alia.” Audubon filed a motion for summary judgment. Audubon asserted that, since Arcadia had been paid on its claim prior to filing suit, Arcadia’s only potential form of compensatory damages would be prejudgment interest. Yet, according to Audubon, Section 75-17-7 of the Mississippi Code prohibits Arcadia from recovering prejudgment interest pri- or to the filing of the complaint. Moreover, Audubon argued that Arcadia had not specifically requested prejudgment interest in its complaint. Thus, Audubon argued that Arcadia’s entire suit must fail; without compensatory damages, Arcadia could not recover punitive damages on its *102 bad-faith claim. The trial court granted summary judgment for Audubon and denied Arcadia’s motion for reconsideration or, in the alternative, motion to amend its complaint to plead specifically for prejudgment interest. The Court of Appeals held that summary judgment was improper. It held that Arcadia could seek prejudgment interest from the date of breach, prior to the filing of the complaint, and that the trial court had abused its discretion in denying Arcadia’s motion to amend. We agree with the Court of Appeals in both respects. We granted certiorari, however, to address some uncertainty in the law surrounding Section 75-17-7. We clarify that, in contract cases, Section 75-17-7 does not restrict prejudgment interest to the post-complaint period; prevailing parties in a breach-of-contract suit may seek interest from the date of breach.
FACTS
¶ 2. The following history is taken, for the most part, from the facts and trial-court proceedings set out in the Court of Appeals’ opinion.
¶ 3. In August 2001, Arcadia purchased three cotton-picking machines from Wade, Inc., a farm-equipment dealer located in Clarksdale, Mississippi. At the time of purchase, Arcadia had a farm-operations insurance policy issued by Audubon. This policy provided coverage for “replacement” equipment and “additional acquired property” equipment. The effective coverage date of the policy was May 7, 2001, to May 7, 2002.
¶4. The Mitchell Company and J.H. Johnson and Company served as Arcadia’s local insurance agents. Wade was to inform The Mitchell Company of Arcadia’s purchases so the equipment would be insured.
¶ 5. On October 16, 2001, one of the new pickers was destroyed by fire. The next day, an Arcadia employee provided the Mitchell Company a list of the newly acquired cotton pickers and mentioned that one of the pickers had been destroyed. The Mitchell Company informed Arcadia that its insurance policy did not cover the pickers because they had not been listed in the schedule of equipment insured under the policy. On October 19, 2001, J.H. Johnson and Company, an insurance broker for the Mitchell Company, learned of the loss. It sent a letter to Audubon stating that Arcadia had been informed that the destroyed picker was not covered, and that Arcadia had said that Wade “should have had this insured,” since the picker had been bought and financed through Wade. It also told Audubon that: “There has been no demand on us as of now[,] and we are sending this for information purposes only.”
¶ 6. In early 2002, Arcadia requested that the Mitchell Company provide it with information about how to file a claim. Arcadia again was told that the destroyed picker was not covered under the policy.
¶ 7. In June 2002, Arcadia filed a complaint for negligence against the Mitchell Company for failure to obtain insurance for the destroyed picker. In October 2003, the Mitchell Company informed Johnson that Arcadia wanted to submit a claim to Audubon for the damaged picker. Following an investigation of the claim, Audubon concluded that the damaged picker was covered under the policy as newly acquired equipment. Thus, on March 23, 2004, Audubon paid Arcadia $100,000 for its loss.
¶ 8. On October 14, 2004, almost seven months after receiving payment from Audubon, Arcadia amended its complaint to join Audubon as a party. Arcadia claimed that the damaged picker had been “replacement” equipment, and, therefore, it should have received “not less than *103 $150,000” under the terms of the policy. Arcadia maintained that Audubon’s failure to remit that amount constituted bad-faith denial of payment. Arcadia further alleged that Audubon had refused to investigate the loss, that it had delayed payment for two and a half years without an arguable basis, and that its agent had fraudulently represented that the damaged picker was not covered under the policy. Based on these allegations, Arcadia asserted claims for bad-faith breach of contract and bad-faith denial. As relief, Arcadia sought “an award of compensatory and punitive damages against Audubon ... in the amount of $3.5 million, together with an award of costs, interest and attorney fees.”
¶ 9. On December 14, 2007, Audubon filed a motion for summary judgment. The trial court conducted a hearing, but neither granted nor denied the motion. Then on September 11, 2008, Audubon filed a Motion to Limit Damages Proof. In that motion, Audubon argued that Arcadia was not entitled to prejudgment interest (1) because such damages had not been properly pleaded or proven, and (2) because Section 75-17-7 of the Mississippi Code allows prejudgment interest only from the date of the filing of the complaint for judgments founded upon a contract that lacks a rate of interest. Alternatively, Audubon requested that Arcadia be limited to the compensatory damages identified in its March 4, 2008, interrogatory response. In that response, Arcadia had stated that it sought compensatory damages in the amount of $61,000, which included two items: (1) the interest on the $100,000 that was wrongfully withheld for three years and (2) attorneys’ fees.[1]
¶ 10. On March 9, 2009, the trial court ruled upon Audubon’s motion for summary judgment and its Motion to Limit Damages Proof. The court denied summary judgment on the basis that genuine issues of material fact existed as to whether Audubon had acted in bad faith and whether its bad faith, if any, warranted punitive damages. But the court partially granted Audubon’s Motion to Limit Damages Proof. It stated that:
As for the claims of prejudgment interest, the Court finds [Arcadia] has failed to specifically plead such damages in its complaint. Further, even if [Arcadia] had specifically pled prejudgment interest, the Court finds that Mississippi] Code Annotated Section] 75-17-7 precludes the recovery of prejudgment interest in this matter.
As for any other compensatory claims [Arcadia] may have, the Court finds that [it] [is] entitled to seek at trial whatever damages [it] can establish to a reasonable degree of certainty....
¶ 11. Shortly thereafter, on March 16, 2009, Audubon filed a second motion for summary judgment. Audubon asserted that, as a result of the court’s limitation of damages in its prior order, Arcadia could neither prove nor recover any damages-it had no compensatory damages, which, consequently, rendered it unable to recover punitive damages as well. Audubon thus claimed that it was entitled to summary judgment as a matter of law.
¶ 12. Days later, on March 26, 2009, Arcadia filed a Motion for Reconsideration or, in the Alternative, Motion for Leave to Amend Complaint. Arcadia asked the court to reconsider its order partially granting Audubon’s Motion to Limit Damages Proof and to allow Arcadia to assert a *104 claim for prejudgment interest from the date of the breach of the contract. Alternatively, it sought leave to amend its complaint to seek prejudgment interest from the date of Audubon’s alleged breach, October 19, 2001.
¶ 13. On April 1, 2009, the trial court conducted a hearing on the two motions. At the conclusion of the hearing, the trial judge stated that “in view of the existing authority ... pre-judgment interest is inappropriate in this case.” Thereafter, the trial court entered a final judgment granting Audubon’s second motion for summary judgment and denying Arcadia’s motion for reconsideration/leave to amend.
¶ 14. Arcadia’s appeal was assigned to the Court of Appeals.[2] Arcadia argued (1) that it should be able to seek prejudgment interest calculated from the date of the alleged breach of the insurance contract and (2) that its complaint contained a demand for prejudgment interest or, alternatively, that it should have been allowed to amend its complaint. The Court of Appeals unanimously held that the trial court had erred in granting summary judgment for Audubon. Arcadia Farms P’ship v. Audubon Ins. Co., 77 So.3d 107 (Miss.Ct. App.2011). It determined that Section 75-17-7 of the Mississippi Code did not prohibit Arcadia from seeking prejudgment interest from the date of the breach of contract. Id. at 112-14. Accordingly, the Court of Appeals found that genuine issues of material fact existed as to whether Arcadia is entitled to prejudgment interest. Id. at 109. Additionally, the court found that, even though Arcadia had not specifically requested prejudgment interest in its complaint, its request for compensatory damages, including interest, was sufficient to put Audubon on notice of the damages being sought. Id. at 114-16. It further found that, to the extent that Arcadia’s complaint lacked a specific request for prejudgment interest, the trial court had abused its discretion by not allowing Arcadia to amend its complaint to include a specific demand. Id. at 115-16.
¶ 15. We agree with Court of Appeals that the trial court erred in granting summary judgment for Audubon, and that it abused its discretion in denying Arcadia’s motion to amend its complaint. We granted Audubon’s petition for writ of certiora-ri, however, to address this Court’s interpretation of Section 75-17-7 with respect to contract cases. We limit our review to this particular issue. Miss. R.App. P. 17(h).
STANDARD OF REVIEW
¶ 16. We review a trial court’s grant of summary judgment de novo. Sweet v. TCI MS, Inc., 47 So.3d 89, 91 (Miss.2010) (citing In re Estate of Laughter, 23 So.3d 1055, 1060 (Miss.2009)). Summary judgment is appropriate only where “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). The evidence must be considered in the light most favorable to the party against whom the motion is made. Sweet, 47 So.3d at 91 (citing In re Estate of Laughter, 23 So.3d at 1060).
*105 DISCUSSION
¶ 17. Arcadia argues that if Audubon is found to have violated the contract, i.e., that it wrongfully delayed payment, then Arcadia should be able to seek prejudgment interest from the date of the breach of the contract. Audubon, on the other hand, contends that Section 75-17-7 prohibits prejudgment interest prior to the filing of the complaint unless the contract specifies an interest rate, which is not the case here.
¶ 18. As a general rule, “in actions for a breach of contract of insurance, when the amount which the insured is entitled to under the contract is withheld after payment is due, interest on such amount can be allowed as damages.” State Farm Mut. Auto. Ins. Co. v. Bishop, 329 So.2d 670, 673 (Miss.1976). For interest to be allowed, the amount due must have been liquidated when the claim was originally made, or the denial of the claim must have been frivolous or in bad faith. Moeller v. Am. Guar. & Liab. Ins. Co., 812 So.2d 953, 958 (Miss.2002) (quoting Preferred Risk Mut. Ins. Co. v. Johnson, 730 So.2d 574, 577 (Miss.1998) overruled on other grounds by Upchurch Plumbing, Inc. v. Greenwood Utilities Comm’n, 964 So.2d 1100, 1118 (Miss.2007)); see Bishop, 329 So.2d at 673 (finding that the trial court did not abuse its discretion in awarding prejudgment interest where the insurance company’s actions were arbitrary and not in good faith). Even if the claims are liquidated, interest may be denied where “ ‘there is a bona fide dispute as to the amount of damages as well as the responsibility for the liability therefor.’ ” Simpson v. State Farm Fire & Cas. Co., 564 So.2d 1374, 1380 (Miss.1990) abrogated on other grounds by Upchurch Plumbing, Inc., 964 So.2d at 1118; see also Tupelo Redevelopment Agency v. Abernathy, 913 So.2d 278, 286 (Miss.2005) (stating that prejudgment interest is available “only if the money due was liquidated and there was no legitimate dispute that the money was owed”) (citing Simpson, 564 So.2d at 1381).
¶ 19. The purpose of prejudgment interest is not to penalize wrongdoing, but to provide “compensation for the detention of money overdue.” Moeller, 812 So.2d at 958 (quoting Johnson, 730 So.2d at 577). It compensates insureds for the time value of money. In re Guardianship of Duckett, 991 So.2d 1165, 1182 (Miss.2008) (quoting Motion Picture Ass’n of Am. v. Oman, 969 F.2d 1154, 1157 (D.C.Cir.1992)). The decision to award such interest rests within the trial court’s discretion. Moeller, 812 So.2d at 958.
¶ 20. We have stated that Section 75-17-7 governs prejudgment interest. In re Guardianship of Duckett, 991 So.2d at 1180 (citing Am. Fire Prot., Inc. v. Lewis, 653 So.2d 1387, 1392 (Miss.1995)). The Section provides that:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.
Miss.Code Ann. § 75-17-7 (Rev.2009).
¶ 21. In this case, the insurance contract does not provide a rate of interest. We must decide, in such cases, whether the second sentence of Section 75-17-7 prevents prejudgment interest from accruing prior to the filing of the complaint.
¶ 22. Mississippi has long recognized that prejudgment interest may be awarded from the date of the breach of a contract. Stockett v. Exxon Corp., 312 So.2d 709, 712 *106 (Miss.1975) (citing Rubel v. Rubel, 221 Miss. 848, 75 So.2d 59 (1945)). In Commercial Union Insurance Co. v. Byrne, 248 So.2d 777, 783 (Miss.1971), this Court stated that: “[I]t seems to be clear from what was said in [the foregoing] cases and other cases that where there is a total loss and the valued policy statute comes into play, the insured is entitled to interest from the time the payment is due, provided a proper demand for interest is made. Byrne, 248 So.2d at 783 (emphasis added). Yet, Stockett, Rubel, and Commercial Union predate the current version of Section 75-17-7.
¶ 23. Section 75-17-7 was amended in 1989 to its present form. 1989 Miss. Laws 21, Miss.Code Ann. § 75-17-7 (Rev.2009). Since that time, this Court has maintained that a prevailing party in a breach-of-contract suit is entitled to prejudgment interest from the date of breach. Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So.2d 954, 971 (Miss.1999). We relied, in part, on Section 75-17-7 in reaching that conclusion. Id. The Court affirmed an award of damages for breach of certain subcontracts, which occurred prior to the filing of the complaint, and found that prejudgment interest was proper from the date of breach. Id. at 957-58, 971, 973.
¶ 24. Section 75-17-7’s effect upon precomplaint prejudgment interest was discussed more recently in In re Guardianship of Duckett, 991 So.2d at 1180-83. In that case, the chancellor awarded prejudgment interest from a date prior to the filing of the complaint. Id. at 1180. We held that the chancellor had erred in calculating prejudgment interest from a date prior to the complaint. Id. at 1180-81. We explained that, “[u]nder Section 75-17-7, if the judgment of the lower court is not based on a contract or note, and the lower court decides to award prejudgment interest at ‘a per annum rate set by [it],’ it may only calculate that interest ‘from a date determined by [the court] to be fair but in no event prior to the filing of the complaint.’ ” In re Guardianship of Duckett, 991 So.2d at 1181 (citing Miss.Code Ann. § 75-17-7 (Rev.2000)). This statement implies that if a judgment is, in fact, based upon a contract, Section 75-17-7’s prohibition of prejudgment interest prior to the complaint does not apply. See In re Guardianship of Duckett, 991 So.2d at 1181 (citing Miss.Code Ann. § 75-17-7 (Rev.2000)). We find this to be the best interpretation of the statute. In contract cases, therefore, Section 75-17-7 does not prohibit a party from seeking prejudgment interest prior to the filing of the complaint.
¶ 25. This Court took a contrary position, however, in a 1995 opinion. In Lewis, a successful plaintiff in a breach-of-contract suit cross-appealed, seeking prejudgment interest. Lewis, 653 So.2d at 1388. This Court found that “[t]he language of the second sentence [of Section 75-17-7] implicitly authorizes the chancellor to allow prejudgment interest from the time [plaintiffs] claim was filed because the document, which was recognized by the jury as a contract, did not designate any interest, yet the amount of damages was certain.” Id. at 1392. The plaintiff, therefore, was allowed prejudgment interest from the date his complaint had been filed. Id.
¶ 26. Two observations stand out from Lewis. First, the primary issue in that case was whether Section 75-17-7 allowed for prejudgment interest at all. See id. at 1391-92. Presiding Justice Dan M. Lee authored a separate opinion in which he disagreed that Section 75-17-7 authorized prejudgment interest in contract cases. Id. at 1392-93 (Lee, P.J., concurring in part). Second, the majority cited a non-contract, workers’ compensation case as support for its award of prejudgment interest from the date of the complaint. Id. *107 at 1392 (citing Smith v. Jackson Constr. Co., 607 So.2d 1119 (Miss.1992)).
¶ 27. Today, we overrule Lewis to the extent that it interpreted Section 75-17-7 as precluding prejudgment interest prior to the filing of the complaint in contract cases.
¶ 28. In sum, we hold that the trial court erred in finding that Section 75-17-7 prohibited Arcadia from seeking prejudgment interest from the date of Audubon’s alleged breach of contract. Arcadia may or may not be entitled to such an award of prejudgment interest, but Section 75-17-7 does not prevent it from pursuing such.
CONCLUSION
¶ 29. Because Section 75-17-7 does not preclude Arcadia from seeking prejudgment interest prior to the filing of its complaint, we affirm the judgment of the Court of Appeals reversing the trial court’s grant of summary judgment in favor of Audubon. Furthermore, we agree with the Court of Appeals that the trial court abused its discretion in denying Arcadia’s motion to amend. Therefore, we affirm the decision of the Court of Appeals and reverse the trial court’s ruling, remanding the case to the Circuit Court of Coahoma County for further proceedings consistent with this opinion.
¶ 30. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS REVERSED AND REMANDED.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.

. Blue Cross & Blue Shield of Mississippi, Inc. v. Maas, 516 So.2d 495, 498 (Miss.1987) (Robertson, J., concurring).

. Arcadia filed a notice of appeal of the trial court's order granting summary judgment for Audubon. A month later, after a settlement had been reached between Arcadia and The Mitchell Company, the circuit court entered a judgment of dismissal for the Mitchell Company. Out of an abundance of caution, Arcadia filed a second notice of appeal that asserted the same issues raised here.