# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01748-SCT

*SWEET VALLEY MISSIONARY BAPTIST
CHURCH a/k/a HUB COMMUNITY BAPTIST*

*v.*

*ALFA INSURANCE CORPORATION a/k/a ALFA
GENERAL INSURANCE CORPORATION a/k/a
ALFA MUTUAL GENERAL INSURANCE
COMPANY a/k/a ALFA SPECIALTY INSURANCE
CORPORATION*


| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| TRIAL COURT ATTORNEYS: | MARC L. FRISCHHERTZ |
| | TOBY J. GAMMILL |
| | MICHAEL A. RUEFF |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARC L. FRISCHHERTZ |
| | DAVID LEE BREWER |
| ATTORNEYS FOR APPELLEE: | MICHAEL ANDREW RUEFF |
| | TOBY JUSTIN GAMMILL |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 06/02/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     Sweet Valley Missionary Baptist Church appeals from the Marion County Circuit

Court's order denying its request for prejudgment interest against Alfa Insurance Company.

Because there was no judgment in this instance upon which interest could accrue, we affirm

the trial court's judgment.

**FACTS**

¶2.   This suit arises from a 2005 insurance claim Sweet Valley Missionary Baptist Church ("Sweet Valley") filed with Alfa Insurance Corporation ("Alfa"), following storm damage to its property caused by Hurricane Katrina. Sweet Valley had a commercial insurance policy with Alfa Insurance for its religious organization located in Columbia, Mississippi. After Hurricane Katrina, Sweet Valley notified Alfa of the damage to its premises. Alfa appraised the damages at $9,951.89.

¶3.   Thereafter, Sweet Valley filed suit against Alfa for breach of contract and alleged that Alfa had undervalued its claim. Sweet Valley requested prejudgment interest in its complaint.

¶4.   Alfa later invoked the appraisal provision in the insurance policy. It was determined that Sweet Valley was entitled to $462,761.89. Alfa remitted the full amount to Sweet Valley.

¶5.   Subsequently, Alfa filed a motion for summary judgment, alleging that, since the appraisal had been conducted and it already had paid Sweet Valley $462,761.89, no genuine issues remained. The trial court granted Alfa's motion for summary judgment and dismissed Sweet Valley's claim. Sweet Valley now appeals the trial court's grant of summary judgment, raising the following issue:

**Whether the trial court erred in denying Sweet Valley prejudgment interest.**

**ANALYSIS**

¶6.   Section 75-17-7 of the Mississippi Code governs prejudgment interest. It reads:

All *judgments or decrees* founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per

2

annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.

Miss. Code Ann. § 75-17-7 (Rev. 2009).

¶7. In this case, the trial judge never entered a judgment or decree upon which prejudgment interest could accrue. In its complaint, Sweet Valley alleged that Alfa had undervalued its claim and had breached the insurance contract. So Alfa invoked the appraisal provision contained in the insurance contract, which led to the payment of $462,761.89 for Sweet Valley.

¶8. After the parties had resolved the claim's value through this contractual process, Alfa filed a motion stating that the parties had resolved the dispute and that the trial court had nothing else to decide. We agree, and the trial court properly entered an order of dismissal in favor of Alfa.

¶9. The statute's plain language clearly establishes that it has no application to cases which no judgment or decree has been entered. Sweet Valley seeks interest on the $462,761.89 that it obtained through a contractual appraisal process agreed to by the parties, and not as a result of a judgment or decree entered by the court.

¶10. Sweet Valley argues that this Court's decision in *Arcadia Farms P'ship v. Audubon Ins. Co.* supports its view that a trial court may award interest under Section 75-17-7 on an amount voluntarily paid by an insurance company.[1] In that case, Arcadia made a claim on its insurance policy when its cotton-picking machine was destroyed by fire.[2] The insurer

---

[1] *Arcadia Farms P'ship v. Audubon Ins. Co.*, 77 So. 3d 100 (Miss. 2012).

[2] *Id.* at 102.

initially denied Arcadia's claim, but Audubon later paid $100,000.[3]  Arcadia then sued

Audubon, claiming that it was owed $150,000, not $100,000, for the claim, and that

Audubon had failed to pay the total amount in bad faith.[4]  "Arcadia further alleged that

Audubon had refused to investigate the loss, that it had delayed payment for two and a half

years without an arguable basis, and that its agent had fraudulently represented that the

damaged picker was not covered under the policy."[5]  Arcadia requested "an award of

compensatory and punitive damages against Audubon . . . in the amount of $3.5 million,

together with an award of costs, interest and attorney fees."[6]

¶11.    On appeal in *Arcadia*, this Court confined its analysis to the trial court's ruling that

Section 75-17-7 does not allow interest to accrue prior to the complaint's filing.[7]  We did not

address whether, under Section 75-17-7, interest may accrue on something other than a

judgment or decree entered by a court.  In fact, we did not consider whether Arcadia would

be entitled to prejudgment interest at all.  *Arcadia* simply does not hold what Sweet Valley

contends. Based on its plain language,  Section 75-17-7 allows only interest predicated on

a judgment or decree.

---

[3] *Id.*

[4] *Id.* at 102–3.

[5] *Id.* at 103.

[6] *Id.*

[7] *Id.* at 105–7.

¶12.   Here, we find the trial court rightly entered an order dismissing the case with prejudice because no dispute remained for adjudication. Accordingly, we affirm the trial court's decision.

## CONCLUSION

¶13.   The trial court's judgment is affirmed.

¶14.   **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, COLEMAN AND MAXWELL, JJ., CONCUR.**