# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2026

Lyle W. Cayce
Clerk

No. 25-60518

_____

Gloria Celeste Young

*Plaintiff—Appellant*,

*versus*

State Farm Fire and Casualty Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:23-CV-175

_____

Before Stewart, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Gloria Young appeals from the district court's ruling on Defendant-Appellee State Farm Fire and Casualty Company's motion for judgment on the pleadings. Young raises several arguments on appeal surrounding State Farm's issuance of payment following a fire in her home. Following appraisals of her property, Young accepted an award (the "Appraisal Award"). State Farm argues that Young's acceptance of the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Appraisal Award bars her claims on appeal.  Young asserts that the Appraisal Award does not bar her claims because it only decides the amount of loss, not questions of law.  She likewise challenges the district court's grant of State Farm's motion to compel appraisal, though she does not contest or otherwise challenge the Appraisal Award.

I

On January 21, 2023, Young suffered a fire that "practically destroyed" her home.  Young's property was covered by State Farm at the time of the loss.  Young's policy (the "Policy") with State Farm provided for $306,000 in property coverage for the primary dwelling.  The Policy additionally allowed for $61,200 in Option ID (increased dwelling) coverage.  Following an initial inspection, State Farm determined that the loss was covered by the terms of the Policy.

Young challenges State Farm's use of Xactimate, an appraisal software "widely used across the insurance industry by carriers, adjusters, contractors, and appraisers."  State Farm uses the software to calculate the actual cash value and the replacement cost value of insured properties after a loss.  The contested Xactimate variable at issue relates to its Labor Efficiency Settings ("LES").  The software allows its users to choose between a New Construction ("NC") setting and a Restoration/Service/Reconstruction ("R/S/R") setting.  Appellant claims that State Farm, in bad faith, used the NC setting when appraising her home to avoid a higher payout.

Young initially filed suit on November 13, 2023.  Following an initial exchange of filings, State Farm filed a motion to compel appraisal.  The district court granted its motion to compel appraisal, finding that the appraisal provision in the Policy was enforceable, and stayed the matter to allow time for the appraisal process and any subsequent negotiations.  The

2

stay was lifted on November 19, 2024, after both parties confirmed the appraisal had been completed. State Farm then filed its answer to Young's first amended complaint, wherein it first raised its argument that Young's claims were barred by the Appraisal Award, "to the extent that [she] was fully compensated for [her] loss, including by payment of the actual cost of repairs, resolution through the appraisal process, or the payment of policy limits." State Farm soon after filed a notice of appraisal award, indicating that both parties' appraisers agreed to an award of $329,616.98. Young cashed the check tendered to her by State Farm based on the Appraisal Award and did not subsequently challenge or object to the Appraisal Award.

While discovery was underway, State Farm filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that because the "central dispute [was] resolved, [the] action should be dismissed." Discovery then continued in full, leading to State Farm filing a motion for summary judgment. Before State Farm's summary judgment motion was fully briefed, the district court entered an order granting its still-pending 12(c) motion and dismissed the action. Young then timely filed her notice of appeal.

## II

This court reviews a ruling on a Rule 12(c) motion *de novo*. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). This court reviews a district court's order compelling appraisal under an abuse of discretion standard. *See Wright v. ASI Lloyds*, No. 23-40719, 2025 WL 1588832, at *6 & n.4 (5th Cir. June 5, 2025).

## III

Young advances the threshold argument that the district court erred in taking up State Farm's motion for judgment on the pleadings instead of its motion for summary judgment or her motion for class certification. She

argues that because the parties participated in "protracted and extensive discovery" the district court abused its discretion in ruling on the pending 12(c) motion. Young relies on extra-circuit authority with readily distinguishable facts. She principally relies on *Grajales v. Puerto Rico Ports Authority*, 682 F.3d 40 (1st Cir. 2012), where the First Circuit never took up the issue she claims it supports. *Grajales* 682 F.3d at 46 ("[W]e need not decide the difficult question of whether the district court's decision to entertain [the] Rule 12(c) motion after nine months of pretrial discovery was an abuse of discretion. . . . [T]his case can readily be resolved on the merits of the plausibility claim.") Additionally, in the *Grajales* case, the 12(c) motion was filed untimely, another crucial fact that makes the case readily distinguishable from the case at bar. *Id.* at 45.

Young argues that State Farm failed to demand appraisal in a timely manner. The parties agree that the district court's factual findings are reviewed for clear error. The relevant inquiry is whether State Farm demanded appraisal within a timely manner of learning that there was a dispute that triggered the policy provision. Here, the district court determined based on the timing of the estimates and the parties' communications, impasse occurred in early 2024 after Young submitted her final invoice. State Farm invoked the appraisal provision approximately three months later. Young has not identified any clear error in the district court's factual findings as to impasse.

Young next argues that the district court improperly held that her claims were barred by the Appraisal Award. Following a protracted discussion on the district court's cited cases, she ultimately argues that the district court afforded improper weight to the Appraisal Award in determining that her claims were barred. Her argument, however, cannot overcome the district court's well-settled inherent power to control its own docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

4

No. 25-60518

The Policy states that "[the] written report of agreement . . . will set the amount of the loss of each item in dispute and will be binding on *you* and *us*." Critically, State Farm argues, it is not that the appraisal barred Young's contract claims, but rather that her acceptance of the award ratified their agreement and thus barred her claims.

State Farm is correct that Young's acceptance of the Appraisal Award, and her failure to challenge said award, bar her claims here. It is well settled that "arguments not raised before the district court are waived and cannot be raised for the first time on appeal." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009). Young failed to challenge the Appraisal Award in the several months leading up to the 12(c) dismissal. Moreover, Young did not identify the Appraisal Award in her notice of appeal as an order she intended to challenge. Further, even if we were to consider the argument, it would fail. In *Sweet Valley Missionary v. Alfa Insurance Corp.*, the Supreme Court of Mississippi held in a breach of contract insurance case that, because the appraisal had been conducted and the defendant insurance company already paid the plaintiff, "no genuine issues remained." 192 So. 3d 990, 991 (Miss. 2016). The district court therefore properly concluded that Young's contract claims were barred by the Appraisal Award.

Finally, Young's remaining tort claims were properly dismissed as duplicative of her breach of contract claims.[1] Additionally, her claims for

---

[1] Young has also failed to allege bad faith on behalf of State Farm due to her inability to overcome the "heavy burden" in proving that it lacked an arguable basis for its decision. *See Dey v. State Farm Mut. Auto. Ins. Co.*, 789 F.3d 629, 633 (5th Cir. 2015); *Holloway v. Nat'l Fire & Marine Ins. Co.*, 360 So. 3d 671, 674–75 (Miss. Ct. App. 2023). Young alleged that State Farm denied coverage by using the NC LES improperly but simultaneously alleged that the NC LES is used for "ground-up rebuild[s]" and "some portions of a large partial loss." She went on to allege that her home was "practically destroyed" but not a "complete ground-up rebuild." If portions of a large partial loss are properly assessed

5

No. 25-60518

declaratory and injunctive relief fail because there is no basis upon which she can seek those remedies where her underlying substantive claims already fail.

## IV

Young had every chance to challenge the Appraisal Award that she and her chosen appraiser agreed to. She chose not to exercise that challenge. It is her *agreement* to the Appraisal Award and her failure to challenge the award, not the award itself, that precludes Young from recovering on appeal. Our court therefore AFFIRMS the judgment of the district court.

---

under the NC LES, and her home was "practically destroyed," then State Farm would have an arguable basis for using Xactimate's NC LES.